STATE of Tennessee, Appellee,

v.

**Elliott WILLIAMS and Annie Mae Williams, Appellants.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 14, 1982.

A.C. Wharton, Public Defender, Joe B. Jones, Acting Public Defender, William Bullock, Asst. Public Defender, Wendell L. Hartzog, Memphis, for the appellants.

William M. Leech, Jr., State Atty. Gen., Jennifer Helton Small, Asst. State Atty. Gen., Nashville, John W. Overton, Jr., Asst. Dist. Atty. Gen., Memphis, for the appellee.

## OPINION

BYERS, Judge.

The defendants were convicted of two counts of armed robbery and were sentenced to serve ten (10) years on each count. The sentences were run concurrently.

■ The defendant Elliott Williams did not file his written motion for a new trial until thirty-nine (39) days after the verdict of the jury and entry of judgment. Therefore, the judgment became final after thirty (30) days. The trial judge was without jurisdiction to entertain the motion, and this Court is without jurisdiction to consider his appeal. Therefore, the appeal of Elliott Williams is dismissed.

Annie Mae Williams says the evidence does not support the verdict, says she should have been given statements of witnesses prior to trial or prior to their testimony, and says she was erroneously denied the right to cross-examine a state witness, for purpose of impeachment, about a prior bad act.

The judgment as to Annie Mae Williams is reversed, and the case is remanded for a new trial.

The undisputed proof shows a robbery was committed on September 3, 1981, in Memphis at approximately 12:40 p.m. Elliott Williams was identified as one of the robbers and was convicted. There were two men involved in the robbery. This record does not show anything about the other man.

The state's evidence shows Annie Mae Williams was seen in a vehicle near the store at approximately 7:30 a.m. on the day of the robbery. At the time, two men were seen lurking in a weeded area near the store.

A witness called by Annie Mae Williams testified Annie Mae drove her to a loan office and left her there at 12:30 p.m. Approximately twenty to twenty-five minutes later Annie Mae returned to pick the woman up. In the vehicle were Annie Mae Williams and her sons, Elliott and Gregory.

On September 4, 1981, Annie Mae and Elliott were arrested. They were stopped while driving a vehicle fitting the description of and bearing the license number of the vehicle in which Annie Mae was seen on the morning of the robbery.

■ The evidence against Annie Mae was all circumstantial. However, we are of the

opinion the evidence was sufficient to find she aided and abetted in the robbery by way of driving the robbers to and from the scene of the robbery with knowledge of their purpose.

The purpose of Annie Mae's witness was to establish an alibi. The jury determined the alibi was not established. The evidence supports their finding.

We see no error in not allowing the defendant to have the statements of witnesses prior to trial or prior to their testimony or in not requiring that the jury be sent out when statements of witnesses are requested and delivered.

T.R.Cr.P. 16(a)(1)(E) does not establish a right to pretrial discovery. This rule only allows counsel to examine any prior statements made by a witness after the witness has testified. Therefore, the trial court did not err in denying such statements pretrial. Neither do we see any error in not excusing the jurors at the end of the direct testimony of a witness to determine if there were any previous statements made and if so, to deliver them to counsel. There is nothing to show the defendant was adversely affected by this procedure.

The defendant cites several federal cases to support his claim. However, we see no compelling reasons to adopt this procedure in the absence of some necessity to do so.

We are of the opinion the trial judge erroneously denied the defendant the right to cross-examine a witness about a previous bad act.

Only one witness testified Annie Mae was in the vicinity of the store on the date of the robbery. This witness had previously been charged with larceny and was placed in a pretrial diversion program. After suc-cessfully completing the program, the charges were expunged from the record.

In *State v. Morgan,* 541 S.W.2d 385 (Tenn.1976), the Supreme Court adopted Rule 608 of the Federal Rules of Evidence. *Morgan* held a witness could be impeached by showing a prior bad act not amounting to a conviction. Larceny is a bad act constituting dishonesty.

The state relies upon *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), and *State v. Butler,* 626 S.W.2d 6 (Tenn.1981), to support their contention the trial judge properly excluded this line of questioning.

These cases deal with prior proceedings against juveniles in juvenile court. In the case before us, the witness was an adult when the charges were lodged. We are of the opinion the diversion act cannot be used to shield a witness from an attack upon their credibility when they are asked about prior bad acts. Especially when the witness is the sole witness to a contested point of the state's case.

To do otherwise would deny the accused the right to a fair trial. The constitutional right to confrontation of witnesses is denied unless the right to cross-examine witnesses is afforded. In this case the ruling of the trial judge resulted in denial of this right.

WALKER, P.J., and DUNCAN, J., concur.