**STATE of Tennessee, Appellee,**

v.

**Linda WRIGHT, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 14, 1983.
Permission to Appeal Denied by Supreme Court March 14, 1983.

David M. Himmelreich, Asst. Atty. Gen., Nashville, Robert H. Gay, Dist. Atty. Gen., Lawrenceberg, James T. Hamilton, Asst. Dist. Atty. Gen., Mount Pleasant, for appellee.

T. Jerome Abernathy, Pulaski, for appellant.

## OPINION

DAUGHTREY, Judge.

The defendant, Linda (or Lynda) Wright, was found guilty of aggravated kidnapping, a Class X felony, and was sentenced to 20 years imprisonment. The only issue raised on appeal concerns the trial court's failure to charge simple kidnapping and child kidnapping as lesser included offenses of aggravated kidnapping. After a review of the record, we find no reversible error in this regard, and we therefore affirm the conviction.

The uncontroverted proof showed that on March 10, 1981, the defendant illegally obtained possession of three day old Clint Smithson by a clever ruse. Dressed in a wig and a nurse's uniform, Wright ap-

peared at the Smithson home shortly after the mother and infant had arrived there from the Maury County Hospital. The defendant told Mrs. Smithson that there may have been a mix-up in the baby's identification and said that the baby would have to be returned to the hospital for blood tests. Wright then drove Mrs. Smithson and the baby back to the hospital, where she told the child's mother to wait in the lobby. After entering a nearby elevator, ostensibly to go to the maternity ward, Wright disappeared with the child. Two days later the baby was recovered unharmed, after police received a tip from a local woman who had kept the child temporarily at Wright's request.

Although Wright claimed that she could not remember taking the Smithson infant, she did not deny doing so. Instead she interposed an insanity defense, claiming that she thought she was pregnant at the time and still believed, despite therapy, that the baby was actually hers. Most of the medical and psychological experts who saw Wright did not believe that she was insane, however. Only one defense expert testified that in his opinion Wright was unable to conform her conduct to the dictates of the law.

Thus it is clear that the defendant did not dispute the fact that she had taken and concealed the child or that the child was less than a week old at the time. The proof was also clear that the defendant was not the parent of the victim in this case.

■ These factual conclusions are crucial to a determination of the correctness of the jury instructions. The aggravated kidnapping statute in effect at the time of this offense provided as follows:

(a) Any person who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps or carries away any individual shall be deemed guilty of aggravated kidnapping when one or more of the following circumstances are present:

(1) The victim is a child under thirteen (13) years of age. . .

(c) Aggravated kidnapping is a Class X felony, but any seizure or kidnapping of a child by a parent shall not be considered a Class X felony.

T.C.A. § 39–2603 (Supp.1980).

This statute first came into existence in 1979, when the legislature repealed the former prohibition against kidnapping for ransom and substituted for it the more comprehensive crime of aggravated kidnapping. By its terms the new statute provided for an enhanced sentence in several situations in addition to that of kidnapping for ransom. *See generally* T.C.A. § 39–2603(a). Under subsection (a)(1), kidnapping a child of 12 years or less is one of these aggravating circumstances.

But the legislature left in place two other kidnapping statutes, both dating back to 1932. The simple kidnapping statute provides as follows:

Any person who forcibly or unlawfully confines, inveigles, or entices away another, with the intent to cause him to be secretly confined, or imprisoned against his will, or to be sent out of the state against his will, must, on conviction, be imprisoned in the penitentiary for not less than two (2) years nor more than ten (10) years.

T.C.A. § 39–2601.

An additional provision, governing child kidnapping, is found in T.C.A. § 39–2602:

Every person who unlawfully takes or decoys away any child under the age of sixteen (16) years with intent to detain or conceal such child from its parents, guardian, or other person having the lawful charge of such child, shall, on conviction, be imprisoned in the penitentiary not less than one (1) year nor more than five (5) years.

The defendant requested the trial court to charge the jury on T.C.A. §§ 39–2601 and 39–2602 as lesser included offenses of § 39–2603(a)(1). After considerable study, the trial judge declined to do so. He reasoned that all three statutes must be read *in pari materia* and that the latest enactment by the General Assembly should be given controlling effect. Under such an interpretation, the child kidnapping provi-

sion of T.C.A. § 39–2602 would apply to those situations involving children from 13 to 16 years of age, as well as those involving children under 13 who are kidnapped by their own parents, but it would not apply to children 12 and under who are kidnapped by someone other than their parents. Thus, § 39–2602 would not constitute a lesser included offense of § 39–2603(a) because it is not *included* within it. We think this construction of the statutes is correct, and we therefore hold that the trial court properly refused to instruct the jury on § 39–2602.

Moreover, we conclude that the trial court did not commit reversible error in failing to give a charge on simple kidnapping under § 39–2601. The state argues that § 39–2601 is not a lesser included offense of former § 39–2603(a)(1), but we find it unnecessary to decide this question. The proof clearly makes out the offense for which the defendant was convicted, and there was no credible view of the evidence under which the defendant could have been found guilty of a lesser offense. *Compare and contrast Johnson v. State,* 531 S.W.2d 558 (Tenn.1975). Thus, there was no reversible error in the trial court's denial of the defendant's special request to charge simple kidnapping as a lesser offense. *State v. Cole,* 635 S.W.2d 122, 128 (Tenn.Cr. App.1982).

For these reasons, we affirm the judgment of the trial court.

TATUM and SCOTT, JJ., concur.