**STATE of Tennessee, Appellee,**

v.

**Lawtis D. RHODEN, Appellant.**

**No. 86–263–III.**

Court of Criminal Appeals of Tennessee, at Nashville.

April 16, 1987.

Rehearing Denied May 12, 1987.

Permission to Appeal Denied by Supreme Court Oct. 5, 1987.

Dale Quillen, William C. Wilson, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. & Reporter, Robert Conley, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., Cheryl Blackburn, Tom Thurman, Asst. Dist. Attys. Gen., Nashville, for appellee. .

**OPINION**

JONES, Judge.

The appellant, Lawtis D. Rhoden, was convicted of rape and the use of a minor for an obscene purpose by a jury of his peers. The trial court sentenced the appellant to a term of twenty (20) years in the Department of Corrections in each case,

and ordered that the two sentences are to be served consecutively to each other as well as consecutively to a Florida sentence. The appellant appealed to this Court as of right after the trial court denied his motion for a new trial. Tenn.R.App.P. 3(b).

In this Court the appellant raises nineteen (19) issues. The appellant challenges (a) the sufficiency of the convicting evidence, (b) the constitutionality of T.C.A. § 39–6–1137, (c) the failure of the trial court to charge lesser included offenses, (d) the admission of evidence of other crimes, (e) the conduct of the assistant district attorney general during closing argument, (f) the ruling of the trial court limiting the cross-examination of the victim and a witness, (g) the denial of his right to confront a witness, (h) the ruling of the trial court prohibiting defense counsel from raising the issue of consent during voir dire examination and opening statement, (i) the admission of opinion evidence, (j) the competency of the child victim as a witness, (k) the admission of rebuttal evidence, (l) the admission of demonstrative evidence, (m) the failure of the trial court to preserve a record of tape recordings admitted into evidence, (n) the refusal of the office of the district attorney general to disclose the contents of taped interviews with the victim and a witness, (o) the instruction of the trial court regarding flight, (p) the failure of the trial court to provide meaningful psychiatric evaluations, and (q) the sentence imposed by the trial court.

## SUFFICIENCY OF THE EVIDENCE

Since the appellant challenges the sufficiency of the convicting evidence, we will set forth the salient facts contained in the record.

The appellant instructed his girl friend, Cornelia "Connie" Widmann, to travel to Nashville, take custody of an automobile that was in storage there, and make arrangements to rent a furnished room in the Nashville area. After arriving in Nashville Ms. Widmann obtained the automobile and rented a room in the Wright household.

When the appellant discovered there was a thirteen-year-old child in the home with Ms. Widmann, he asked Ms. Widmann to inquire if the child, the victim, would be interested in being a model and having her picture taken by the appellant. The appellant talked to the victim by telephone about a photographic session. The victim was told that the pictures were to be taken for a photography class.

During the first week in December of 1984 the appellant went to Nashville, and met Ms. Widmann. They went to a local store where they purchased cameras, film and clothes to be worn by the victim. The following day Ms. Widmann went to the victim's school, obtained her release without the permission of her parents, and took the victim to a local motel where the appellant was residing. The victim took a shower, and Ms. Widmann assisted her with makeup and her hair. When the victim tried on some of the clothes purchased by the appellant, it was discovered the clothes did not fit. The appellant ordered Ms. Widmann to return to the store and exchange the clothes. She left the motel.

While Ms. Widmann was away from the room, the appellant first took pictures of the victim in her clothes. He also lifted her dress and took pictures of her. Subsequently, the appellant removed the victim's clothing except for her bra while she was on a bed. He performed cunnilingus on the victim, and attempted to insert his penis into her vagina on three separate occasions. The victim testified the appellant penetrated her on one occasion. He then took pictures while she laid on a bed and sat in a chair in an unclothed state. He placed her legs in various positions, including separating her legs so that her genitals were visible, as he took pictures. When he finished taking photographs, the victim dressed; and the appellant prepared to leave for the airport. He told the victim he would give her a computer and $500.00 if she would not tell her mother about what had transpired at the motel.

Ms. Widmann took the appellant to the airport while the victim waited in the motel room. The appellant told Ms. Widmann that he had a client who would pay a considerable sum of money to see a little girl

in her underwear; and he agreed to give Ms. Widmann half of the proceeds from the sale of the photographs. Later that night the appellant called Ms. Widmann on two occasions, and he wanted to know if the victim had revealed what had occurred at the motel. He subsequently told Ms. Widmann the pictures he took of the victim constituted child pornography and it was a felony.

A medical examination of the victim revealed the presence of sperm. It also revealed recent trauma to the hymenal area inside the vagina and a hematoma. According to the doctor, there had to be some type of penetration of the labia to cause this trauma. The slides made by the doctor revealed the presence of a small amount of sperm.

When the appellant challenges the sufficiency of the convicting evidence, this Court must review the record to determine if the evidence adduced at trial is sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn.R.App.P. 13(e). In making this determination we do not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W. 2d 832, 835 (Tenn.1978); *State v. Hatchett*, 560 S.W.2d 627, 630 (Tenn.1978); *State v. Grace*, 493 S.W.2d 474, 476 (Tenn.1973). *Braziel v. State*, 529 S.W.2d 501, 505 (Tenn.Crim.App.1975). To the contrary, we are required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Cabbage*, supra.

Questions concerning the credibility of witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence are resolved by the trier of fact, not this Court. *State v. Cabbage*, supra; *Braziel v. State*, supra; *State v. Grace*, supra. In *Grace* our Supreme Court said: "A guilty verdict by the jury, approved by the trial judge, accredits the testimony for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d at 476.

■ There is sufficient evidence contained in the record from which a rational trier of fact could conclude that the appellant is guilty of the offenses of rape and use of a minor for an obscene purpose beyond a reasonable doubt. Tenn.R.App.P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

## CONSTITUTIONALITY OF STATUTE

■ The appellant challenges the constitutionality of the statute proscribing the use of minors for obscene purposes, T.C.A. § 39-6-1137. While the contentions of the appellant in this regard are not clear, it appears he predicates his argument on the ground the definition of "sexual conduct" is overbroad because it prohibits using a minor to pose or model in the nude.

Our review of the record reveals the appellant did not file a pre-trial motion attacking the indictment on the ground the statute was unconstitutional. The appellant raised this issue for the first time post-trial in his motion for a new trial.

In this jurisdiction "[d]efenses and objections based on defects in the indictment, presentment or information" must be raised prior to trial. Tenn.R.Crim.P. 12(b); *State v. Farmer*, 675 S.W.2d 212, 214 (Tenn.Crim.App.1984), [constitutionality of statute]. When an accused fails to comply with this mandate, he waives the issue. Tenn.R.Crim.P. 12(f). See *State v. Farmer*, supra, [constitutionality of statute]. *State v. Hill*, 623 S.W.2d 293 (Tenn.Crim. App.1981), [statute of limitations]. The waiver provision of Rule 12 applies to issues embracing the constitutionality of statutes as well as the constitutional rights of the accused. *State v. Farmer*, supra; *State v. Foote*, 631 S.W.2d 470, 472-473 (Tenn.Crim.App.1982), [identification issue]. Therefore, this issue is without merit.

## FAILURE TO CHARGE LESSER INCLUDED OFFENSES

The appellant contends the trial court committed error of prejudicial dimensions because it failed to charge the lesser offenses included in the crime of using a minor for obscene purposes. The appellant

insists the trial court should have charged the lesser included offenses of attempt to commit a felony and contributing to the delinquency of a minor. We disagree.

A court is not required to charge the jury on lesser included offenses when there is no evidence in the record to support a finding of guilt of the lesser offenses. *State v. Mellons,* 557 S.W.2d 497 (Tenn.1977); *State v. Davis,* 649 S.W.2d 12, 14 (Tenn.Crim.App.1982); *State v. Lee,* 618 S.W.2d 320, 323 (Tenn.Crim.App.1981). In this case "the proof clearly makes out the offense for which the defendant was convicted, and there was no credible view of the evidence under which the defendant could have been found guilty of a lesser offense." *State v. Wright,* 649 S.W.2d 22, 24 (Tenn.Crim.App.1983). This issue is without merit.

### EVIDENCE OF OTHER CRIMES

Cornelia Widmann, the girl friend of the appellant, testified during redirect examination that the appellant forced her to have sexual intercourse with him following an argument. The appellant contends the admission of this evidence was highly prejudicial and entitles him to a new trial. We disagree.

This issue has been waived. The appellant failed to make a contemporaneous objection to the admission of the testimony when it was offered. See *Harless v. State,* 189 Tenn. 419, 225 S.W.2d 258, 259 (1949); *Floyd v. State,* 1 Tenn.Crim.App. 106, 430 S.W.2d 888, 892 (1968); *Hill v. State,* 513 S.W.2d 142, 143 (Tenn.Crim.App.1974).

### SUMMATION OF THE ASSISTANT DISTRICT ATTORNEYS GENERALS

The appellant contends the assistant district attorneys general made improper, misleading and inflammatory remarks during final summation. The appellant sets forth several passages from the arguments of counsel, states these passages were improper and highly prejudicial, and this error entitles the appellant to a new trial. We disagree.

The appellant failed to make a contemporaneous objection to the statements attributed to the assistant district attorney generals. Thus, this issue has been waived. *State v. Wooden,* 658 S.W.2d 553, 559 (Tenn.Crim.App.1983); *Almonrode v. State,* 567 S.W.2d 184, 186 (Tenn.Crim.App. 1978).

### LIMITATIONS ON CROSS–EXAMINATION OF WITNESSES

The appellant next contends the limitations placed upon defense counsel's cross-examination of the victim effectively denied him the constitutional right to confront his accusers. He specifically claims the trial court effectively prohibited counsel from examining the victim regarding her use of makeup, physical appearance, and willingness to testify. We disagree.

We have examined the portions of the record where the appellant contends the error occurred, but we do not find a single instance where the trial judge restricted or limited defense counsel's examination of the victim. The record reflects the State made objections to certain questions propounded by counsel on the grounds of relevancy. These objections were sound as the evidence sought to be elicited from the victim was not relevant. However, the trial judge required the witness to answer most of the questions. This issue is without merit.

The State called Cornelia Widmann as a prosecution witness. Defense counsel was permitted to cross-examine Ms. Widmann at length; and, following redirect examination, defense counsel was again permitted to cross-examine the witness. The witness was then excused.

After the lunch recess defense counsel advised the court the appellant had requested that he "propound some questions which he [the appellant] didn't have at the close of the cross-examination." These were questions which the appellant had "reflected upon during the noon recess that would throw some light upon the situation." However, defense counsel never revealed the questions he wanted to ask Ms.

Widmann or the information he sought to elicit.

Defense counsel suggested to the trial court his inquiry would concern a topic which would be "in the nature of a direct examination." Counsel conceded he might have to call Ms. Widmann as a defense witness since he had closed his cross-examination. He told the trial court he was "willing to do that, and to forego further cross-examination."

As the appellant correctly states in his brief, whether a witness should be recalled to the witness stand at the request of a party is a matter which rests within the sound discretion of the trial court. *McFarlin v. State*, 214 Tenn. 613, 381 S.W.2d 922, 925 (1964). We do not think the trial court abused its discretion when defense counsel suggested that he possibly should and was willing to call Ms. Widmann as a defense witness.

### ABSENCE OF APPELLANT DURING CHAMBERS CONFERENCE

■ Prior to trial defense counsel moved the court for an *in camera* conference outside the presence of the appellant. The purpose of this conference was to permit the victim's mother to relate to the trial judge her objection to the trial of the appellant. She related that the victim as well as herself were emotionally upset about (a) the district attorney general "releasing Connie [Cornelia] Widmann the way it had been done", (b) an assistant district attorney general had "talked kind of hateful" to her at times, and (c) the veiled "threat" of the prosecution that she would be "investigated" if she changed her mind about prosecuting the appellant. She wanted the prosecution against the appellant terminated and the appellant returned to Florida where he had an outstanding sentence. The victim and the witness "were emotionally upset" and "have been through too much."

Contrary to the contentions of the appellant, his constitutional right to confront the witnesses against him was not violated. First, it was defense counsel who requested the trial judge to conduct the conference outside the presence of the appellant. In permitting the conference the trial court waived the presence of the appellant at the request of his own privately retained counsel. See Tenn.R.Crim.P. 43(a). Second, this was a conference conducted prior to trial within the meaning of Rule 43(c)(3), Tenn.R.Crim.P. As heretofore indicated, the conference was exclusively for the purpose of permitting Mrs. Wright to express her views about the prosecution of the appellant. His attorney was present during the conference, and questioned the witness at will. The appellant did not personally object to the conference. This issue is without merit.

### RESTRICTIONS ON MENTIONING CONSENT DURING VOIR DIRE AND OPENING STATEMENT

■ Prior to trial the State filed a motion *in limine* seeking to prevent defense counsel from alluding to the prior sexual activity of the minor victim. While this motion is not contained in the record, it appears the motion was predicated upon the rape shield statute, T.C.A. § 40–17–119. The trial court took the motion under advisement, but instructed counsel "not to go into any kind of consent during the voir dire or the opening statement." The appellant contends this was error.

This issue has been waived. Tenn.R. App.P. 36(a). Defense counsel did not object to the ruling of the trial court. To the contrary, defense counsel agreed with the court's ruling; and he advised the court he had not planned to broach the issue of consent during his voir dire of the jury. Furthermore, no effort was made to advise the trial court of the evidence the appellant would seek to introduce at trial or make an offer of proof so an informed ruling could be made by the trial judge.

### ADMISSIBILITY OF OPINION EVIDENCE

■ The appellant challenges the testimony of Ronald E. Bledsoe, a medical doctor. Dr. Bledsoe examined the victim after the sexual contact with the appellant. While the basis of the appellant's challenge

is not stated with clarity in his brief, it appears the basis of his challenge is on the ground the witness was not qualified to testify as an expert witness.

The appellant did not challenge the introduction of Dr. Bledsoe's tetimony at the trial. His qualifications were not challenged. Thus, this issue has been waived. Tenn.R.App.P. Rule 36(a).

■ We have reviewed the qualifications of Dr. Bledsoe and are of the opinion the doctor was qualified to testify as an expert witness. See *State v. Fears*, 659 S.W.2d 370, 377 (Tenn.Crim.App.1983).

■ In this jurisdiction the allowance of expert testimony, the qualifications of expert witnesses, and the relevancy and competency of expert testimony are matters which rest within the sound discretion of the trial court, *Murray v. State*, 214 Tenn. 51, 377 S.W.2d 918, 920 (1964); *Bryant v. State*, 539 S.W.2d 816, 819 (Tenn.Crim.App. 1976); *State v. Holcomb*, 643 S.W.2d 336, 341 (Tenn.Crim.App.1982); and this Court will not interfere with the trial court's exercise of its discretion absent clear abuse. *Murray v. State*, supra; *State v. Williams*, 657 S.W.2d 405, 411–412 (Tenn. 1983); *State v. Taylor*, 645 S.W.2d 759, 762 (Tenn.Crim.App.1982).

## COMPETENCY OF VICTIM AS A WITNESS

Although the victim was thirteen years of age when she testified in this case, the trial court did not make a determination as to whether the victim understood the obligation of an oath. The appellant argues this was highly prejudicial and entitles him to a new trial. We disagree.

■ While it is the duty of a trial judge to examine a child under the age of fourteen years to ascertain whether the child understands and appreciates the nature and meaning of an oath, and capable of knowing and accurately communicating the facts perceived, see *Ball v. State*, 188 Tenn. 223, 219 S.W.2d 166, 168 (1949), the failure of the trial judge to voir dire the minor witness and make the requisite determination does not, as a matter of law,

compel this Court to reverse a conviction and order a new trial. *State v. Grady*, 619 S.W.2d 139, 143 (Tenn.Crim.App.1980).

■ This error can be waived by the accused. Tenn.R.App.P. 36(a); *State v. Grady*, supra. In the case *sub judice* this error was waived when defense counsel failed to object to the competency of the witness, failed to move to strike the witness' testimony, cross-examine the witness regarding her competency, or move the trial court for the entry of a mistrial. However, addressing the merits of the issue, we find the failure of the trial court to voir dire the witness and make a determination as to the witness' competency was harmless beyond a reasonable doubt. Tenn.R. App.P. 36(b).

■ The victim was almost fourteen years of age when she testified. Contrary to the statements contained in the appellant's brief, the victim's credibility and determination to tell the truth was not questioned by her mother. She was able to relate the facts logically and consistently. And her testimony as well as her actions, which are noted on the face of the record, indicate without question the victim was competent to testify as a witness. Therefore, this issue is without merit.

## REBUTTAL EVIDENCE

■ The appellant contends the trial court committed error in permitting Linda Taylor, the victim's neighbor, to testify in rebuttal. He argues that the purpose of calling the witness was to reiterate the victim's testimony for the jury. We disagree.

The appellant called the victim's mother as a defense witness. She testified the victim never mentioned that the appellant had taken photographs of her without clothing when she returned home. Ms. Carter, who was present when the victim related what had transpired at the motel, testified the victim did tell her mother pictures were taken of her nude. Thus, Ms. Carter's account of what the victim related following her return home conflicted with that of the victim's mother.

Rebuttal evidence is evidence "which tends to explain or controvert evidence produced by an adverse party." *Cozzolino v. State,* 584 S.W.2d 765, 768 (Tenn.1979). It includes "any competent evidence which explains or is a direct reply to, or a contradiction of, material evidence" introduced by an adverse party. *Nease v. State,* 592 S.W. 2d 327, 331 (Tenn.Crim.App.1979). Since the testimony of Ms. Carter contradicted the testimony of the victim's mother concerning a material issue, this testimony was properly admitted in rebuttal. Therefore, this issue is without merit.

## ADMISSIBILITY OF VICTIM'S PANTIES AS EVIDENCE

■ The appellant contends the trial court committed error of prejudicial dimensions in permitting a pair of girl's panties to be introduced into evidence. He states the panties were never identified as having been worn by the victim.

The police seized two pair of girl's panties, among other items of clothing, from the trunk of Ms. Widmann's vehicle. The panties had been purchased by the appellant for the victim to wear during the photograph session. One pair of the panties "appeared to have some type of stain" and the second pair "appeared to be badly stained." The victim told the doctor who examined her she had noticed a drop of pinkish bloody fluid on the panties she had worn home.

This issue has been waived. Defense counsel failed to object when the panties were admitted into evidence, Tenn.R.App.P. 36(a); and this issue is not supported by appropriate references to the record, i.e., where (a) the panties were introduced into evidence, (b) defense counsel objected to their admission, and (c) the ruling of the trial court. Tenn.Ct.Crim.App. Rule 10(b).

## FAILURE TO PRESERVE A RECORD OF TAPE RECORDINGS

The appellant asserts that he is being denied meaningful appellate review of his conviction because the trial court failed to preserve a record of certain tape recordings which were admitted into evidence. It

appears that the telephone conversations between the appellant and Ms. Widmann were taped by law enforcement officers with the consent of Ms. Widmann. During the course of these conversations the appellant made several statements, which, when taken with the testimony of other witnesses, were tantamount to an admission of guilt.

While it is true the conversations are not contained in the transcript of the trial, the record does contain transcripts of the telephone conversations. These transcripts were admitted into evidence and authenticated by the trial judge. However, the appellant does not tell us what errors, if any, were committed in admitting all or any portion of the recordings into evidence.

■ It is the duty of the appellant to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues which form the basis of the appeal, and will enable the appellate court to determine the issues. Tenn.R.App.P. 24(b). See *State v. Bunch,* 646 S.W.2d 158, 160 (Tenn.1983); *State v. Hopper,* 695 S.W.2d 530 (Tenn. Crim.App.1985). When the appellant is unable to prepare or have prepared a transcript of the evidence and proceedings, the burden is on the appellant "to show ... [his or her] inability to prepare a transcript, the reasons for the inability, and that the inability was brought about by matters outside ... [his or her] control...." *Lallemand v. Smith,* 667 S.W.2d 85, 86–87 (Tenn.App.1983). The appellant has failed to carry his burden in showing this Court why the transcript does not contain the tape recordings. The statements of counsel contained in the brief of the appellant cannot be considered by this Court in resolving this issue. See *Trotter v. State,* 508 S.W.2d 808, 809 (Tenn.Crim.App.1974).

The record transmitted to this Court does not contain a designation of the transcript showing the appellant requested this portion of the trial proceedings be included in the transcript. See Tenn.R.App.P. 24(b). This may have been the reason the substance of the recordings are not included in the record. If a search was made for the

tape recordings, and they could not be found, the appellant could have filed an appropriate motion in the trial court, requested a hearing, and the relevant witnesses could have been called to testify concerning the availability of the recordings or why the transcript did not contain the substance of the recordings. If the recordings were available, the appellant could have filed a motion in the trial court or this Court for permission to supplement the record. Tenn.R.App.P. 24(e); *State v. Mitchell O. Ridley*, Gibson County No. 3, C.C.A. at Jackson, opinion filed October 27, 1983. In this case it appears the appellant has not taken any steps to obtain the tape recordings, have them transcribed, if available, or otherwise make an effort to show or explain why the recordings are not included in the transcript. This issue is without merit.

## FAILURE TO DISCLOSE INTERVIEWS WITH VICTIM AND A WITNESS

The officers who interviewed the victim preserved the interview by audio and video recordings. The interview of Cornelia Widmann was preserved by an audio recording. Defense counsel moved the court for discovery of these recordings. The assistant district attorney general advised the trial court and counsel these recordings would not be introduced as evidence by the State; and stated transcriptions of the interviews would be furnished to defense counsel after the direct examination of the witnesses had been completed. See Tenn.R.Crim.P. 26.2.

As a general rule, statements made by prosecution witnesses are not discoverable by the accused prior to trial. See *State v Williams*, 645 S.W.2d 258, 260 (Tenn.Crim.App.1982); *State v. Robinson*, 618 S.W.2d 754, 757 (Tenn.Crim.App.1981). Rule 16(a)(2), Tenn.R.Crim.P., excludes "statements made by state witnesses or prospective state witnesses" from the information discoverable by the accused in a criminal prosecution.

The appellant contends in his brief that "the entire contents of the taped video interview were discoverable as exculpatory evidence" and the "State's refusal to disclose [the] taped interview denied [the] defendant his due process rights." However, the appellant does not tell us the nature of the exculpatory evidence nor how he was prejudiced by the State's failure to reveal this evidence. Prior to trial defense counsel advised the trial court he was seeking the tapes "because—and certainly you can't make any statement other than the fact that this is *pure speculation* that in the video tape that *there might be something exculpatory....*" [Emphasis added.]

We have listened to the audio tape and watched the video tape transmitted to this Court under seal. The content of the video tape is identical to the audio tape recording of the victim's interview. We have also listened to the audio tape recording of the witness, Cornelia Widmann. Neither interview contains any "favorable" or exculpatory evidence. Furthermore, the statements of the witnesses are consistent with their respective trial testimony. This issue is without merit.

## FLIGHT INSTRUCTION

When Ms. Widmann returned to the motel room, the appellant asked her to take him to the airport. He stated he was in a hurry to catch a flight. Ms. Widmann was surprised the appellant was in such a "rush" to leave. They left immediately for the airport. The victim was left unattended in the motel room.

While enroute to the airport, the appellant told Ms. Widmann he had "a client that pays a lot of money to see little girls in their underwear." He also instructed her to return to the motel, clean the room, make sure "he hadn't left anything behind", and take the victim home.

There are sufficient facts in the record to support an instruction concerning flight. See *Ledune v. State*, 589 S.W.2d 936, 940 (Tenn.Crim.App.1979), [defendant left Tennessee and went to California the day following the homicide]; *Rogers v. State*, 2 Tenn.Crim.App. 491, 455 S.W.2d 182 (1970), [defendant left Tennessee and was later

apprehended in Illinois]. This issue is without merit.

## FAILURE TO PROVIDE APPELLANT WITH MEANINGFUL PSYCHIATRIC EVALUATION

■■ The appellant contends the failure of the trial court to order meaningful psychiatric evaluation deprived the appellant of his state and federal constitutional right to the effective assistance of counsel. According to the appellant, this impaired the appellant's ability to adequately prepare his defense.

The record is silent on this issue. The appellant's motion for additional psychiatric evaluation, a transcript of the hearing where the motion was argued, and the "pro forma" report, which was alluded to in the appellant's brief, are not contained in the record. The record transmitted to this Court does not reveal any evidence, outburst or other conduct which would cause the trial court to believe the appellant was incompetent or was suffering from a mental deficiency or disease. See *Williams v. Bordenkircher*, 696 F.2d 464 (6th Cir.1983), cert. denied, 461 U.S. 916, 103 S.Ct. 1898, 77 L.Ed.2d 287 (1983); *Pate v. Smith*, 637 F.2d 1068, 1072 (6th Cir.1981).

This Court has held that the applicable statute, T.C.A. § 33-7-301(a), vests the trial court with discretion in granting an accused's motion for a psychiatric evaluation. *State v. Lane*, 689 S.W.2d 202, 204 (Tenn. Crim.App.1984); *State v. Robinson*, 622 S.W.2d 62 (Tenn.Crim.App.1981). This is especially true when the accused has been examined by a competent psychiatrist or psychologist, and the examiner finds the accused was sane when he committed the act and competent to stand trial.

As we have stated hereinabove, it is the duty of defense counsel to prepare a record which conveys a fair, accurate and complete account of what transpired with respect to the issues which form the basis of the appeal, and will enable the appellate court to determine the issues. Tenn.R. App.P. 24(b); *State v. Bunch*, supra; *State v. Hooper*, supra. When the record transmitted to this Court is incomplete, or does not contain the proceedings relevant to an issue, this Court is precluded from considering the issue, *State v. Groseclose*, 615 S.W.2d 142, 147 (Tenn.1981); *State v. Bunch*, supra; *State v. Jones*, 623 S.W.2d 129, 131 (Tenn.Crim.App.1981); *State v. Lane*, 689 S.W.2d 202, 205 (Tenn.Crim.App. 1984); and we must conclusively presume the ruling of the trial court was correct and the proceedings of which the accused complains were regular in all respects. *State v. Jones*, supra; *State v. Baron*, 659 S.W. 2d 811, 815 (Tenn.Crim.App.1983); *State v. Taylor*, 669 S.W.2d 694, 699 (Tenn.Crim. App.1983).

This issue is without merit.

## DE NOVO REVIEW OF SENTENCES

■■ When the accused challenges the length, range, or the manner of service of sentences, it is the duty of this Court to conduct a *de novo* review of the sentences without a presumption that the determinations made by the trial court when sentencing the accused are correct. T.C.A. § 40-35-402(d). Accordingly, this Court will conduct a *de novo* review of the appellant's sentences.

In conducting the *de novo* review mandated by the Tennessee Criminal Sentencing Reform Act of 1982 this Court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancing factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. See T.C.A. §§ 40-35-103 and 210.

The appellant committed extremely aggravated offenses within the meaning of T.C.A. § 40-35-107; and the imposition of Range II sentences is appropriate. The appellant admitted at the sentencing hearing he was convicted of the commission of a felony in the State of Florida, sentenced to a Florida correctional institution, and subsequently paroled. Before he complet-

ed the term of his parole, the appellant violated the conditions of his parole, and the appellant remained free pursuant to his parole when he committed the crimes in this case. See T.C.A. § 40–35–107(3)(B). The fact his parole was from a Florida conviction rather than a Tennessee conviction is of no consequence. Our sentencing laws do not distinguish between a conviction or release status from another state and a conviction or release status from this State.

There are no mitigating factors contained in the record. See T.C.A. § 40–35–110. However, there are several enhancement factors present. The appellant has a previous history of criminal convictions and behavior. T.C.A. § 40–35–111(1). The appellant has been convicted of a previous felony, arrested on numerous occasions according to his own admission, and he is wanted in other areas of the United States for the commission of felony offenses. The victim, who was thirteen years of age, was particularly vulnerable because of her age. T.C.A. § 40–35–111(4). The offenses were committed to gratify the appellant's desire for pleasure or excitement. T.C.A. § 40–35–111(7). The appellant admitted that he had an affinity for young girls, and he was unable to control his sexual drive in this regard. Also, the appellant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. T.C.A. § 40–35–111(8). As heretofore stated, the appellant was released on parole, but his parole was revoked because he violated several conditions of his parole.

This Court finds the appellant lacks the characteristics, traits and desire necessary for one to rehabilitate himself. T.C.A. § 40–35–103(5). He has been convicted of one previous offense, he violated his parole, and remained as a fugitive from justice until he was arrested for the present offense. Contrary to his testimony at the sentencing hearing, he has lived a life of crime since his parole. He has raped at least five young girls in the State of California; and he has gained the confidence of women in California, Florida and Texas for the purpose of defrauding the women and their friends of large sums of money. An extended hospitalization for his sexual propensities did not deter the appellant from sexually abusing young girls; and, although he had the opportunity to do so, he did not attempt to obtain assistance for himself following his parole. The appellant apparently has not maintained legitimate employment in several years. In other words, the appellant refuses or is unwilling to try to conform his conduct to that of a lawful and productive citizen.

Two of the purposes of the Tennessee Criminal Sentencing Reform Act of 1982 are (1) the assessment of punishment in relation to the seriousness of an offense, and (2) the prevention of crime and the promotion of respect for law by providing an effective deterrent to others likely to commit similar offenses. T.C.A. § 40–35–102(1) and (3)(A). In the case *sub judice* the appellant deserves the maximum sentences for rape and the use of a minor for obscene purposes because of the seriousness of the offenses as well as the multitude of aggravating factors present. Society needs to be protected from the appellant for an extended period of time. T.C.A. § 40–35–103(1)(A). The appellant should not be permitted to sexually abuse or use minors. He admits he has an uncontrollable sexual drive for young girls; and his conduct while free on parole substantiates his continuing danger to the children of this Nation. Such lengthy sentences are also necessary to avoid deprecating the seriousness of those offenses. T.C.A. § 40–35–103(1)(A). In addition, these sentences will serve as notice to others who contemplate committing such heinous crimes that their conduct will not be tolerated in this jurisdiction; and, if such an offense is committed, the price for the commission of the offense will be extremely high. T.C.A. § 40–35–103(1)(B). We find the length of the sentences imposed by the trial court is proper and we adopt these sentences.

The appellant should be required to serve these two sentences consecutively as well as consecutively to the outstanding

Florida sentence. The appellant is obviously a "professional criminal", a person "who has knowingly devoted himself to criminal acts as a major source of livelihood or who has substantial income or resources not shown to be derived from a source other than criminal activity." *Gray v. State*, 538 S.W.2d 391, 393 (Tenn.1976). From March of 1983 until his arrest he had defrauded people in California, Florida and Texas of approximately $440,000. The major scheme involved inserting personal ads in newspapers, creating a relationship with women answering the ads, holding himself out as an investment broker or lawyer, and convincing the women as well as their friends to provide him with large sums of money to invest. We also find the appellant is a "dangerous mentally abnormal person." *Gray v. State*, supra. While the appellant failed to cooperate with the doctors who were to examine him prior to trial, there is an abundance of evidence which supports the conclusion that the appellant's criminal conduct is "characterized by a pattern of repetitive or compulsive behavior or by persistent aggressive behavior with heedless indifference to consequences." *Gray v. State*, supra, at 393. The appellant was treated in a Florida hospital for his inability to control his sexual drive for young girls. He admits that he has had the urge or drive to sexually attack young girls "dozens of times." He was convicted of sexually attacking a twelve-year-old girl in Florida. This case involves a thirteen-year-old victim. In California he is charged with or under investigation for at least five (5) cases of rape, where the victims are young girls under the age of eighteen. The appellant and his uncle both acknowledge that the appellant is in desperate need of psychological assistance for this problem.

The judgments of the trial court are affirmed.

O'BRIEN and DAUGHTREY, JJ., concur.

## ORDER ON PETITION TO REHEAR

A petition for rehearing has been filed on behalf of the appellant, Lawtis D. Rhoden.

The petition has been thoroughly reviewed, and this Court is of the opinion the petition should be denied.