IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 5, 2002

## STATE OF TENNESSEE v. KATHY JANE GILES

### Direct Appeal from the Circuit Court for Henry County
No. 13078    Julian P. Guinn, Judge

-------

### No. W2001-01468-CCA-R3-CD  - Filed April 2, 2002

-------

The Appellant, Kathy Jane Giles, was convicted by a Henry County jury of DUI, unlawful possession of a weapon, possession of drug paraphernalia, and four counts of felony possession of a controlled substance with the intent to deliver or sell.  For these convictions, Giles received an effective three-year Community Corrections sentence with one year to be served in confinement.  On appeal, Giles raises the following issues for our review: (1) whether the evidence presented at trial was sufficient to support the convictions; and (2) whether she received ineffective assistance of counsel at trial. After review, we find no error and affirm the judgment.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Donald E. Parish, Huntingdon, Tennessee, for the Appellant, Kathy Jane Giles.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Renee W. Turner, Assistant Attorney General; G. Robert Radford, District Attorney General; and Steven L. Garrett, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

#### Factual Background

On February 18, 2001, Deputy Clyde Sulcer, of the Henry County Sheriff's Department, was called to the scene of a "disabled or stuck" vehicle along Highway 79 South in Henry County.  When Sulcer arrived, he found the Appellant and her boyfriend, Jeffrey Hapner, at the scene.  The Appellant was observed in the driver's seat with the tires spinning and Hapner behind the truck "placing boards" on the ground in an attempt to move the truck.  The Appellant explained to Sulcer that she was looking for a place to turn around when she drove off the road into a yard thinking it

was a driveway. The truck, a 1995 Ford pickup, was registered to the Appellant. After speaking with the Appellant, Sulcer noticed that her speech was "thick tongued" and that she had a difficult time getting her driver license out of her purse. The Appellant was asked to perform various field sobriety tests, which she failed. Because Sulcer did not detect an odor of alcohol, he asked the Appellant if she was on any type of medication and whether she had the medication in her purse. The Appellant "opened her purse" and "began to pull out pill bottles." She then responded that "she may have been taking one of her Somas or something earlier" that day. At this point, the Appellant was arrested for driving under the influence and placed in the back seat of the patrol car.

A search of the Appellant's purse revealed, in addition to the unidentified pills in unlabeled bottles already observed, a small quantity of marijuana, a switchblade knife and $959 in currency. During a search of the truck at the scene, officers seized a zip lock bag which contained approximately one pound of individually wrapped bags of marijuana. Also seized was an assortment of drug paraphernalia and additional controlled substances found in various bags and containers behind the seat. Based upon these facts, the Appellant was charged with DUI, unlawful possession of a weapon (switchblade), felony possession of a Schedule IV substance (44 Alprazolam tablets), felony possession of a Scheduled IV substance (3 Diazepam tablets), felony possession of a Schedule IV substance (33 Phentermine capsules), felony possession of a Schedule VI substance (352.9 grams of marijuana), and violation of the unlawful drug paraphernalia statute (packs of rolling papers).

At trial, Hapner, who advised the jury that he was in jail on unrelated drug charges, testified that he and the Appellant were living together on the date of these offenses. He testified that the pills seized belonged to him and that the marijuana seized belonged to a friend, Allen Eubanks. He explained that Eubanks was a farm-hand for the Appellant, who had left the marijuana in the truck without their knowledge earlier that same day. Hapner further stated that he was the driver of the truck on the night of February 18th, and that both he and the Appellant were outside the truck at the time law enforcement officers arrived at the scene. The Appellant did not testify at trial.

## I. Ineffective Assistance of Counsel

In this direct appeal of her conviction, the Appellant first argues that she received ineffective assistance of counsel at trial. Specifically, she asserts that counsel was ineffective: (1) for failing to file a pre-trial motion to suppress the fruits of the warrantless search conducted by the Henry County Sheriff's Department officers; (2) for failure to object to the introduction of the fruits of the warrantless search at trial; (3) for failure to file a pre-trial motion to suppress any statement made by the Appellant while in custody of the police or object to the admission of those statements at trial; (4) for failing to object to the testimony of expert witness, Brian Lee Eaton, before proper foundation was presented establishing Eaton as an expert or for failure to establish the chain of custody of the substances described; (5) for failure to request a mistrial, to move to strike, or seek a curative instruction when Deputy Sulcer revealed the Appellant's prior arrest record to the jury; and (6) for failing to challenge the State's Rule 609 notice on the basis that the notice was not timely filed and that the use of a prior conviction was unfairly prejudicial.

Proof of deficient representation by omission, as alleged above, requires more than simply an assertion of a lost trial advantage or benefit. To prevail on appeal, the Appellant is required to demonstrate both that counsel's performance was: (1) deficient, in that counsel made errors so serious that he or she was not functioning as counsel guaranteed the Appellant by the Sixth Amendment; and (2) the deficient performance prejudiced the Appellant, in that counsel's errors were so serious as to deprive the Appellant of a fair and reliable trial. *Strickland v. Washington*, 466 U.S. 668, 687-88, 692- 94, 104 S.Ct. 2052, 2064, 2067-68 (1984). Central to the issue of ineffective assistance is whether the alleged deficiency was the product of a reasoned factual decision by trial counsel. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689; 2065 (citations omitted).

In this case, the record includes the Appellant's motion for a new trial wherein the Appellant sought relief from her conviction upon grounds of counsel's alleged ineffectiveness. We are constrained to note, however, that the record is absent the transcript or statement of the evidence of the hearing on the motion for new trial. Included in the record is an order which summarily finds that the "motion is not well taken and the same shall be overruled." Thus, from the record, we are unable to determine whether the trial court conducted an evidentiary hearing or simply entered an order denying the motion for new trial. Without the transcript of the hearing on the motion for a new trial, we are denied the trial court's findings of fact and conclusions of law with regard to each alleged ground of deficient representation. Because the record is silent, we are without any findings as to whether trial counsel's representation was within the range of competence demanded of attorneys in criminal cases, *see Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975), *i.e.*, whether the Appellant suffered actual prejudice, or whether the alleged deficiencies were the product of a reasoned tactical decision. Resolution of these issues are factually driven and require proof. In sum, insertion of ineffective assistance of counsel claims within a motion for new trial essentially transforms the hearing on the motion into a post-conviction proceeding. In a post-conviction proceeding, it is incumbent upon the Appellant to request a hearing as the Appellant bears the burden of proving the allegations of fact by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f).

The Appellant correctly asserts in her brief that "[t]he Tennessee Supreme Court has determined that the issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact, thus, the standard of review in this case is *de novo*." *State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). The Appellant, however, misconstrues the appellate court's role in performing *de novo* review. In this case, if we review the Appellant's claims of ineffectiveness based only from the transcripts of the trial proceedings, as apparently contemplated by the Appellant, then we would be forced to act as the fact finder in assessing the credibility of witnesses, resolving factual disputes in the testimony and in weighing the evidence. These functions, however, belong exclusively to the trial court and not this court. This court does not possess fact finding authority; our jurisdiction is appellate only. Tenn. Code Ann. § 16-5-108. If the findings are incomplete or non existent and/or the record is incomplete or non existent, *de novo* review will

have relatively little benefit when the issue presented is of an extremely fact-bound nature. *Ornelas v. United States*, 517U.S.690, 700, 116 S. Ct.1657, 1664 (1996) (Scalia, J., dissenting). *De novo* review is permitted to prevent a miscarriage of justice resulting from the legal determination of a single judge, not to reconstruct factual determinations when none exist. Thus, if the trial court's findings of fact are not included within the record, or are not precise, or cannot be substantially supplemented by the record, an appellate court is prevented from completing any meaningful review of the law applicable to those pertinent facts. We have repeatedly observed that raising the claim of ineffective assistance of counsel within the context of a direct appeal is a "practice fraught with peril." *State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001); *State v. Carruthers*, 35 S.W.3d 516, 551 (Tenn. 2000); *State v. Anderson*, 835 S.W.2d 600, 606 (Tenn. Crim. App. 1992). This case illustrates one such example.

It is the duty of the Appellant to prepare a record which conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues forming the basis of the appeal. Tenn. R. App. P. 24(b); *State v. Rhoden*, 739 S.W.2d 6, 20-21 (Tenn. Crim. App. 1987). In the absence of a sufficient record, we are required to presume that the rulings of the trial court are correct. Because the hearing on the motion for new trial is not in the record, the Appellant's claims of ineffective assistance of counsel are waived.

## II. Sufficiency of the Evidence

The Appellant argues that "in the absence of the challenged evidence, the remaining evidence would have been insufficient to result in a conviction of any count of the indictment."

A jury conviction removes the presumption of innocence with which a defendant is cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Likewise, it is not the duty of this court to revisit questions of witness credibility on appeal, that function being within the province of the trier of fact. *See generally State v. Adkins*, 786 S.W.2d 642, 646 (Tenn. 1990); *State v. Burlison*, 868 S.W.2d 713, 718-19 (Tenn. Crim. App. 1993). Instead, the defendant must establish that the evidence presented at trial was so deficient that no reasonable trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994), *cert. denied*, 513 U.S. 1086, 115 S. Ct. 743 (1995); Tenn. R. App. P. 13(e). The State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992), *cert. denied,* 507 U.S. 954, 113 S. Ct. 1368 (1993).

At trial, the proof established that upon Deputy Sulcer's arrival at the scene of a disabled truck, he found the Appellant sitting in the driver's seat of the vehicle with the engine running and the tires spinning. The Appellant admitted that she had driven the truck into the yard when it became stuck. The Appellant failed the field sobriety tests administered by Deputy Sulcer. When Sulcer asked the Appellant if she was medicated, she initially said no, but then proceeded to show Deputy Sulcer various medications in her purse. After her arrest, the Appellant's purse and truck were

searched revealing drug paraphernalia, various types of Schedule IV drugs, a large quantity of marijuana, and a switchblade knife. Based upon the quantity of marijuana, the manner in which it was packaged, the quantity of Schedule IV substances possessed, and the presence of $959 in cash in the Appellant's purse, a jury could have rationally inferred that the controlled substances were possessed with the intent to deliver or sell. In this case, the jury obviously rejected, as is their prerogative, Hapner's claims that the Schedule IV drugs seized were his, that he was the driver of the vehicle on the night in question, and that the marijuana belonged to Allen Eubanks. We conclude that the evidence presented at trial was such that a reasonable jury could have found the Appellant guilty of the offenses charged beyond a reasonable doubt.

## CONCLUSION

The Appellant's claims of ineffective assistance of counsel are waived for failure to include within the record a transcript or statement of the evidence of the hearing on the motion for new trial, wherein the allegations of deficient performance were raised. We find the evidence legally sufficient to support the Appellant's convictions for DUI, unlawful possession of a weapon, felony possession of a Schedule IV substance (Alprazolam) with the intent to deliver or sell, felony possession of a Schedule IV substance (Diazepam) with the intent to deliver or sell, felony possession of a Schedule IV substance (Phentermine) with the intent to deliver or sell, felony possession of a Schedule VI controlled substance (marijuana) with the intent to deliver or sell, and violation of the Unlawful Drug Paraphernalia Uses and Activities statute. Accordingly, the judgment of the Henry County Circuit Court is affirmed.

 

_____
DAVID G. HAYES, JUDGE