IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 18, 2008 Session

## STATE OF TENNESSEE v. RAYMOND MCNEIL

**Appeal from the Circuit Court for Williamson County**
**No. II-CR081268     R.E. Lee Davies, Judge**

—————————

**No. M2007-01566-CCA-R3-CD - Filed September 10, 2008**

—————————

The defendant, Raymond McNeil, appeals from his Williamson County Circuit Court conviction of Class D felony evading arrest, alleging that the evidence was insufficient and that the trial court erred in the admission of certain evidence at trial.  The defendant challenges neither his conviction of driving on a revoked license nor his 12-year effective sentence.  Discerning no error, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Matthew T. Colvard (at trial), and Michael T. Fort (on appeal), Franklin, Tennessee, for the appellant, Raymond McNeil.

Robert E. Cooper, Jr., Attorney General and Reporter; Andrew Hamilton Smith, Assistant Attorney General; Ronald L. Davis, District Attorney General; and Derek K. Smith, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The defendant's convictions relate to a series of events that took place on April 12, 2005, in Franklin, Tennessee.  On that date, Sergeant James Handy of the Williamson County Sheriff's Department went to the Franklin Estates trailer park to "serve some papers" on the defendant.  As Sergeant Handy sat at the entrance of the trailer park, he observed the defendant drive by in a white, four-door Cadillac with Phillip Martin in the passenger seat.  Sergeant Handy, who was familiar with both the defendant and Mr. Martin, activated his blue lights and fell in behind the white Cadillac.  At that point, the defendant "slowed down and he pulled over to the right shoulder of the road.  And then . . . he took off again."  Sergeant Handy activated his siren and gave chase.  The white Cadillac "proceeded on towards Jim Warner Park, where [the defendant] almost collided with several other vehicles" including a City of Franklin public works truck.  The city truck and

other vehicles were forced to take evasive action to avoid being struck by the white Cadillac. The defendant then sped through a stop sign, and the chase route wound through a residential area, where the defendant's vehicle reached speeds of 50 to 60 miles per hour despite the posted 30-miles-per-hour speed limit. The defendant continued into the park, where, despite the 15-miles-per-hour speed limit, he drove at speeds in excess of 50 miles per hour. Sergeant Handy abandoned the chase when the defendant entered the park because "of the risk to other people."

John Brown testified that he and his wife were traveling on Highway 96 on April 12, 2005, when he observed "a white vehicle passing a car on the right shoulder of the road, traveling West. . . . Looked like he was driving erratically . . . and in a reckless manner." Mr. Brown's wife, Laurie Brown, corroborated her husband's testimony, noting that she saw the white Cadillac pass a car on the right before "swerving" back into traffic. She also saw the car pass "cars on the oncoming side of traffic when there wasn't a passing lane, and go back into traffic." Ms. Brown recalled that the driver of the white Cadillac was a white male with a "slim build [and] dark hair."

The defendant's passenger, his brother-in-law Phillip Martin, admitted that the defendant "kept going" when Sergeant Handy attempted to stop the vehicle. Although Mr. Martin denied seeing Sergeant Handy activate his blue lights, he stated that he was sure the officer "was trying to stop us."

## I. Sufficiency of the Evidence

The defendant complains that his conviction for Class D felony evading arrest was not supported by sufficient evidence that his attempt to elude Sergeant Handy posed "a risk of death or injury to innocent bystanders or other third parties" as required by statute. The State, of course, espouses an opposing view.

We review the defendant's claim mindful that our standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *State v. Winters*, 137 S.W.3d 641, 654 (Tenn. Crim. App. 2003). This standard applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. *Winters*, 137 S.W.3d at 654.

When examining the sufficiency of the evidence, this court should neither re-weigh the evidence nor substitute its inferences for those drawn by the trier of fact. *Id.* at 655. Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Significantly, this court must afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *Id.*

Here, the State charged the defendant with Class D felony evading arrest. Although the defendant asserts that the State was required to prove that his actions met the statutory definition of "reckless" in Code section 39-11-302(c), the applicable statute contains no such mens rea requirement, *see* T.C.A. § 39-16-603. Code section 39-16-603 provides that "[i]t is unlawful for any person, while operating a motor vehicle on any street, road, alley or highway in this state, to intentionally flee or attempt to elude any law enforcement officer, after having received any signal from the officer to bring the vehicle to a stop." T.C.A. § 39-16-603(b)(1). Evading arrest by way of a motor vehicle is a Class E felony "unless the flight or attempt to elude creates a risk of death or injury to innocent bystanders or other third parties, in which case a violation of subsection (b) is a Class D felony." *Id.* at (b)(3). This court has held that "[f]or such Class D felony convictions, all that need be shown is that the defendant evaded arrest and that, in doing so, he created the risk of death or injury." *State v. Johnny C. Menifee*, No. M2005-00708-CCA-R3-CD, slip op. at 5 (Tenn. Crim. App., Nashville, July 31, 2006) (citing *State v. Payne*, 7 S.W.3d 25, 28 (Tenn. 1999)).

The evidence adduced at trial established that Sergeant Handy had traveled to the Franklin Estates trailer park for the purpose of serving the defendant with "some papers" when the defendant drove past him in a white, four-door Cadillac with damage to the right-rear bumper. Sergeant Handy activated his emergency equipment and followed, and, despite initially slowing as though to stop, the defendant sped away, reaching speeds nearing 60 miles per hour in the 30-miles-per-hour zone. Mr. Martin, the defendant's passenger, admitted that at that point they were "running from" the police. The sergeant gave chase, observing the defendant speed through a residential area, nearly collide with a public works truck, and run a stop sign, forcing two other vehicles to "jam[] on their brakes" to avoid a collision. When the defendant sped into a neighborhood park, the sergeant abandoned the chase because of the risk to innocent bystanders. Sergeant Handy estimated the defendant's speed in the park, which had a speed limit of 15 miles per hour, to be in excess of 50 miles per hour. Other witnesses confirmed seeing the white, four-door Cadillac being driven in an erratic manner on highway 96, weaving through traffic, passing in "no passing" zones, and passing at least one car on the shoulder of the road. Ms. Brown specifically testified that there were a number of other vehicles on the road and that the defendant's actions caused her to fear for her safety. In sum, the evidence overwhelmingly supported the defendant's conviction for Class D felony evading arrest.

## II. Admission of Evidence

The defendant complains that the trial court erred by admitting the whole of Sergeant Handy's incident report under the "rule of completeness" because no portion of the report was tendered into evidence by the defense and because defense counsel's references to the information in the report did not present the information out of context. The State submits that the defendant waived appellate review of the issue by failing to lodge a contemporaneous objection and, in fact, acquiescing in the admission of the report. We agree with the State.

During his cross-examination of Sergeant Handy, defense counsel attempted to utilize the incident report prepared by the sergeant to impeach his testimony. After counsel had made

several references to information both contained in and omitted from the report, the prosecutor asked that the report be admitted into evidence in its entirety under Tennessee Rule of Evidence 106.[1] Defense counsel noted his objection only to "one thing on there" and after the "one thing" was redacted, made no further objection to the report. The defendant's participation in, and his failure to lodge a contemporaneous objection to, the admission of the remainder of the report results in a waiver of the issue on appeal. Appellate relief is generally not available when a party is "responsible for an error" or has "failed to take whatever action was reasonably available to prevent or nullify the harmful effect of any error." Tenn. R. App. P. 36(a); *see State v. Killebrew*, 760 S.W.2d 228, 235 (Tenn. Crim. App. 1988) (waiver applies when the defendant fails to make a contemporaneous objection); *see also State v. Jenkins*, 733 S.W.2d 528, 532 (Tenn. Crim. App. 1987); *State v. Rhoden*, 739 S.W.2d 6, 11-12, 18 (Tenn. Crim. App. 1987).

### *III. Conclusion*

The evidence is sufficient to support the defendant's conviction of Class D felony evading arrest because the State established that he placed other motorists in danger of death or serious injury during his flight from Sergeant Handy. The defendant has waived our consideration of the admission of Sergeant Handy's incident report. Accordingly, the judgments of the trial court are affirmed.

 

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[1] That rule provides, "When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it." Tenn. R. Evid. 106.