STATE of Tennessee, Appellee,

v.

Steve WEST, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 23, 1986.

Richard McConnell, Knoxville, Thomas McAlexander, LaFollette, for appellant.

W.J. Michael Cody, Atty. Gen., Jerry L. Smith, Deputy Atty. Gen., Nashville, William Paul Phillips, Dist. Atty., Huntsville, for appellee.

## OPINION

DUNCAN, Judge.

On November 21, 1986, the appellant (defendant), Steve West, filed an application for a T.R.A.P. 10 extraordinary appeal, seeking a reversal of the trial court's order of October 3, 1986, which required the defendant to be mentally evaluated, first at the Cherokee Mental Health Center, and then if necessary, at the Middle Tennessee Health Institute. At the time of the filing of the application, the defendant had already been evaluated at the Cherokee Mental Health Center, and he was scheduled for an additional evaluation at the Middle Tennessee Health Institute on November 24, 1986. On November 21, our Court stayed further proceedings regarding the trial court's order, pending the disposition of the defendant's T.R.A.P. 10 application.

On November 25, 1986, our Court granted the defendant's application and requested the State to file an answer, which answer has now been filed.

■ Contrary to the State's argument, we are of the opinion that the issue before us is a proper one for resolution in this T.R.A.P. 10 appeal, and thus, we shall rule on the merits of the appeal.

The record shows that the defendant is presently incarcerated in the Union County Jail. He is charged with several offenses, including a charge of first degree murder.

On July 26, 1986, Dr. Ben Bursten, a medical doctor, who is licensed by the State of Tennessee and who is certified in both general and forensic psychiatry, conducted a complete mental examination of the defendant. Dr. Bursten found that the defendant was mentally competent to stand trial, and that he was sane at the time of the commission of the alleged crimes.

Further, the record contains a report, dated October 16, 1986, from Dr. Cynthia J. Ford, regarding her mental evaluation of the defendant at the Cherokee Mental Health Center. This report shows that Dr. Ford also found that the defendant was competent to stand trial, but she could not determine his mental condition at the time of the alleged crimes because, on advice of counsel, the defendant would not talk about the events that took place around the time of the alleged crimes.

In his application, the defendant states that he "has not and does not intend to rely upon the insanity defense."

The record also contains the affidavit of T.B.I. Agent Charles G. Scott, in which

Agent Scott states that he interviewed Ronald David Martin, a codefendant of defendant West, and that during the course of these interviews, Martin, "in the context of describing the bizarre and sadistic nature of the homicides, repeatedly referred to the co-defendant, Stephen Michael West, as being 'crazy,' said characterization being the result of both the actions and statements of West during the course of the commission of said murders."

Other than Martin's reference to Agent Scott about the defendant's mental status, there is nothing else in the record to remotely suggest that the defendant was insane at the time of the commission of the alleged crimes. And quite obviously, when the competent medical evidence that is before us is considered, Martin's reference to Agent Scott about West's mental condition is of no significance whatsoever.

██ Before a mental evaluation is required, the evidence must be such as to warrant a belief that the defendant is incompetent to stand trial, or it must be sufficient to raise a question as to his mental capacity at the time of the crime. T.C.A. § 33–7–301 (Supp.1986); *State v. Lane,* 689 S.W.2d 202, 204 (Tenn.Cr.App. 1984). The evidence before us does not measure up to the above criteria.

Thus, since the defendant does not intend to rely on an insanity defense, and since the record lacks any credible evidence to refute the medical evidence showing that the defendant is competent to stand trial and that he was sane at the time of the commission of the alleged crimes, we are led to the conclusion that further mental evaluation of the defendant would not be in order.

Accordingly, we reverse the trial court's order of October 3, 1986, and remand the case to the trial court for further proceedings regarding the charges against the defendant.

O'BRIEN and BYERS, JJ., concur.