# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### May 9, 2000 Session

## STATE OF TENNESSEE v. ROCKIE SMITH

**Direct Appeal from the Criminal Court for Shelby County**
**No. 96-12020     John P. Colton, Judge**

---

**No. W1999-00814-CCA-R3-CD - Filed October 23, 2000**

---

The Defendant was convicted of assault by a Shelby County jury and sentenced to six months in the Shelby County workhouse with four months suspended and eleven months and twenty-nine days probation. The Defendant was also sentenced to two days in the Shelby County Correctional Center for contempt of court. The two-day sentence was to be served consecutive to the six-month sentence. The issues the Defendant raises on appeal are: (1) whether the trial court erred in prohibiting the victim from testifying that she did not think that the Defendant should go to jail; (2) whether the trial court erred in admitting evidence regarding the Defendant's use of an axe during the altercation; (3) whether the evidence presented at trial was sufficient to support the conviction for assault; (4) whether the trial court erred by denying a continuance of the trial that was requested by defense counsel based upon the Defendant's alleged incompetence and the possibility that defense counsel could possibly be called as a witness; (5) whether the trial court erred by not providing special jury instructions concerning self-defense; (6) whether the trial court erred in finding the Defendant in contempt of court for addressing the jury after closing arguments; and (7) whether the sentence imposed was excessive. Finding no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and JAMES CURWOOD WITT, JR., JJ., joined.

Alan Bryant Chambers, Memphis, Tennessee, for the appellant, Rockie Smith.

Paul G. Summers, Attorney General and Reporter, J. Ross Dyer, Assistant Attorney General, William L. Gibbons, District Attorney General, and Perry S. Hayes, Assistant District Attorney General for the appellee, State of Tennessee.

## OPINION

# I. Factual Background

On Mother's Day, 1996, the Defendant, Rockie Smith, asked his wife, Jacqueline Smith, for the title to her jeep. The Defendant testified that he was distraught over being unable to buy his wife a gift and wanted to pawn the jeep for money. After Jacqueline Smith (hereinafter "the victim") refused to give him the title, the Defendant picked up an axe and swung it into a phone on the wall. The Defendant then proceeded to destroy dishes with the axe. While still holding the axe in one hand, the Defendant attempted to grab the victim with the other hand. The Defendant grabbed the victim by the throat, telling her "you don't know who you are f___ing dealing with." Fearing for her safety, the victim knocked the Defendant's hand out of the way, and the Defendant then hit the victim, striking her on the lip. After hiding in a bathroom, the victim was eventually able to escape and run to a nearby drugstore to call the police.

Officer Robert Young responded to the 911 call from the victim. While en route to the Smith residence, he met the victim at the drugstore from which she had called. Young noticed that the victim had marks on her neck and a busted lip. Young then went to the Smith residence, which he testified was in disarray. Young also found the axe that the victim said the Defendant used to damage the phone. When Young questioned the Defendant, he admitted that an assault had taken place. At that point, the Defendant was arrested for assault.

Prior to trial, the Defendant submitted a motion *in limine* requesting that the trial court exclude any evidence regarding the use of an axe during the incident. The Defendant argued that the admission of this evidence would only serve to inflame the jury. The trial court denied this motion and allowed evidence concerning the axe to be included in the trial.

The State filed a motion *in limine* to exclude testimony from the victim regarding her belief that the Defendant should not go to jail. The State argued that the victim's wishes were not relevant to the guilt or innocence of the Defendant as to the assault charge. The Defendant argued that he had the right to produce witnesses in his favor. The trial court agreed with the State that the victim's testimony was not relevant to the issue of whether or not the Defendant had assaulted the victim.

During the trial, Defendant's counsel, Alan Bryant Chambers, moved for a continuance based on two grounds. First, Chambers argued that, based upon his personal observations of the Defendant and the testimony of the Defendant's mother-in-law, Annie Little, the Defendant was incompetent to stand trial. During a jury-out hearing, Little testified that the Defendant was "schizophrenic" and needed professional help. However, Little admitted that she was not a doctor and therefore not qualified to diagnose mental disorders. The Defendant also introduced a letter written by Dr. Kenneth Israel, who had treated the Defendant for anger management. The letter stated that the Defendant was progressing in therapy and that the frequency of treatments could be decreased.

Second, Chambers argued that the case should be continued because he could possibly be called as a witness in the Defendant's trial. According to Chambers, he was made aware on the morning of trial that the State planned to allege that he had instructed the victim to lie. Chambers

argued that if the victim were to testify that he had told her to lie, then Chambers would be required to take the witness stand to refute the allegation, thereby requiring Chambers to withdraw as counsel. After considering both grounds presented by the Defendant to support his motion for continuance, the trial court denied the motion.

At the close of trial, Chambers requested special jury instructions on self-defense[1] based on the victim's act of knocking the Defendant's hand away. The trial court denied these instructions because the evidence did not indicate that the Defendant ever feared for his life and because the evidence clearly indicated that the Defendant initiated the altercation.

Following closing arguments, the Defendant asked that he be allowed to address the jury. The trial court ruled that the Defendant could not do so. As the jury exited the courtroom to begin deliberations, the Defendant rose from his chair and began yelling. He called to the jurors and said, "you don't know the whole story" and "there were things done here that you haven't heard about. . . . I'm an innocent man." As a result, the Defendant was held in contempt of court, with the trial court deferring the sentence for contempt until a later date.

The Defendant was found guilty of assault and sentenced to six months in the Shelby County Workhouse, with four months suspended. In addition, the Defendant was placed on probation for eleven months and twenty-nine days and fined fifty dollars. The Defendant was sentenced to two days in the Shelby County Correctional Center for contempt of court.

The Defendant now appeals his convictions for assault and criminal contempt, arguing the following: (1) that the trial court erred in prohibiting the victim from testifying that she did not want the Defendant to go to jail; (2) that the trial court erred in admitting evidence regarding the Defendant's use of an axe during the altercation; (3) that the evidence presented at trial was insufficient to support the conviction for assault; (4) that the trial court erred in not allowing a continuance based on Chambers' opinion that the Defendant was incompetent to stand trial and Chambers' belief that he might be called as a witness in the Defendant's trial; (5) that the trial court erred by not providing special jury instructions concerning self-defense; (6) that the trial court erred in not allowing the Defendant to address the jury after closing arguments and in holding the Defendant in contempt for speaking to the jury as they exited the courtroom to begin deliberations; and (7) that the sentence imposed was excessive.

## II. Analysis

### A. Testimony by Victim

---

[1] In his brief, the Defendant states that he requested special jury instructions on both self-defense and "no duty to retreat." However, we will refer to the instructions simply as special jury instructions on the law of self-defense.

The Defendant first argues that the trial court erred in prohibiting the victim from testifying that the Defendant should not go to jail for the assault. We conclude that any evidence regarding the victim's opinion about the Defendant's potential incarceration was not relevant to determining the guilt or innocence of the Defendant. Thus, we affirm the trial court's ruling that such evidence should have been excluded.

The threshold issue for allowing evidence to be admitted at trial is whether such evidence is relevant to the issues of the case. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Tenn. R. Evid. 401. Relevant evidence is generally admissible. Tenn. R. Evid. 402. However, relevant evidence may be excluded if the dangers of unfair prejudice, confusion of the issues, or misleading the jury or considerations of undue delay, waste of time, or needless presentation of cumulative evidence substantially outweigh the relevant evidence's probative value. Tenn. R. Evid. 403.

The victim's opinion as to a defendant's punishment was not relevant in the guilt phase of this trial. It did not "make the existence of any fact that [was] of consequence to the determination of the action more probable or less probable than it would [have] be[en] without the evidence." Tenn. R. Evid. 401. The victim's proposed testimony that she did not want the Defendant to go to jail simply was not relevant to the issue of whether or not the Defendant had committed the crime of assault. Therefore, we affirm the ruling of the trial court prohibiting the victim from stating her desire that the Defendant not go to jail.

## B. Exclusion of Evidence

In this case, the Defendant moved by motion *in limine*[2] to exclude all evidence relating to his use of an axe during the altercation. The Defendant argues that the charge of assault was based only on his hitting the victim in the mouth and that the trial court therefore erred by admitting the evidence regarding his use of an axe. However, it is the opinion of this Court that the assault encompassed the entire altercation. On the night in question, the Defendant became angry with the victim over her refusal to provide him with the title to her jeep. The Defendant got an axe, used the axe to damage the telephone, used the axe to damage the house, and while still holding the axe, grabbed the victim and threatened her. The victim testified that she feared for her life at this point. After the threat, the Defendant hit the victim in the mouth, causing a busted lip. All of these actions together constituted the assault by the Defendant against the victim on May 12, 1998. The Defendant's actions with the axe are relevant to what took place during the confrontation. The testimony concerning the axe was relevant to the crime, and the trial court did not abuse its discretion in allowing testimony concerning the axe. This issue is without merit.

## C. Sufficiency

---

[2] The purpose of a motion *in limine* is to determine issues, including those of an evidentiary nature, in advance of trial. See Tenn. R. Crim. P. 12(b).

-4-

The Defendant further argues that the evidence presented at trial was insufficient to support a conviction for assault. When an accused challenges the sufficiency of the evidence, an appellate court's standard of review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985); Tenn. R. App. P. 13(e). This rule applies to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of both direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990).

In determining the sufficiency of the evidence, this Court should not re-weigh or re-evaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this Court substitute its inferences for those drawn by the trier of fact from the evidence. Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956); State v. Buggs, 995 S.W.2d 102, 105 (Tenn. 1999). On the contrary, this Court must afford the State of Tennessee the strongest legitimate view of the evidence contained in the record, as well as all reasonable inferences which may be drawn from the evidence. State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992). Questions concerning the credibility of the witnesses, the weight and value of the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact. Liakas, 286 S.W.2d at 859. Because a verdict of guilt against a defendant removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence was legally insufficient to sustain a guilty verdict. Evans, 838 S.W.2d at 191.

When viewed in the light most favorable to the State, the evidence presented in this case was sufficient for a rational jury to find beyond a reasonable doubt that the Defendant was guilty of assault. In addition to the testimony of the victim, Officer Young saw the axe in question and observed the injuries to the victim's mouth and neck. In fact, the Defendant himself admitted that an assault had taken place. Thus, we agree with the trial court that there was sufficient evidence to convict the Defendant of assault.

## D. Continuance

The Defendant next argues that the trial court erred in not granting a continuance to determine his competency to stand trial and to settle the dilemma that his defense counsel might be a potential witness in the trial. The decision to grant or deny a motion for continuance rests within the sole discretion of the trial court. State v. Teel, 793 S.W.2d 236, 245 (Tenn. 1990); State v. Baxter, 503 S.W.2d 226, 230 (Tenn. Crim. App. 1973). This Court will only reverse the ruling of the trial judge on a motion for continuance only if the complaining party can clearly show an abuse of discretion by the trial judge. Baxter, 503 S.W.2d at 230. In order to show an abuse of discretion, the accused must provide clear proof that the denial of the continuance resulted in prejudice against the accused. Id.

When the accused is believed to be incompetent to stand trial, the criminal, circuit or general sessions court judge may, upon his or her own motion or upon petition by the district attorney

general or defense counsel and after a hearing, order the defendant to undergo a mental evaluation. Tenn. Code Ann. § 33-7-301(a)(1). Before the mental examination is ordered, there must be evidence sufficient to raise a question as to the accused's mental capacity. State v. West, 728 S.W.2d 32, 34 (Tenn. Crim. App. 1986). The decision to grant an evaluation is within the power of the trial judge, and this Court will not reverse a denial of a mental evaluation absent a clear showing of abuse of discretion on the part of the trial judge. State v. Rhoden, 739 S.W.2d 6, 16 (Tenn. Crim. App. 1987); State v. Lane, 689 S.W.2d 202, 204 (Tenn. Crim. App. 1984).

The evidence presented by the defense was not sufficient to raise a question as to the Defendant's mental capacity. Mere speculation by the defense attorney after limited interaction with the accused, coupled with the lay opinion of the Defendant's mother-in-law, does not constitute "evidence sufficient to raise a question as to [the accused's] mental capacity at the time of the crime." West, 728 S.W.2d at 34. The letter from Dr. Israel does not call into question the mental competency of the Defendant; it merely reports on the anger management treatment that the Defendant received. In fact, Dr. Israel recommends in the letter a reduction in frequency in treatment, which certainly does not indicate that the Defendant is incompetent to stand trial. The Defendant's argument that he should have been granted a continuance based on his alleged incompetency to stand trial is without merit.

The Defendant's argument that he should have been granted a continuance based on the possibility that his attorney could have been called as a witness is also without merit. The issue that Chambers would have testified about was not an integral part of the prosecution. Moreover, the State had expressed no interest in calling Chambers as a witness. Thus, we find no prejudice to the Defendant resulting from the trial court's denial of a continuance.

### E. Jury Instructions

The Defendant argues that the trial court erred in instructing the jury. Specifically, he complains that the trial court failed to present the jury with special jury instructions on self-defense. Having thoroughly reviewed the record in this case, we conclude that the trial court did not err by refusing to instruct the jury as requested by the Defendant.

Every accused has a "constitutional right to a correct and complete charge of law." State v. Teel, 793 S.W.2d 236, 249 (Tenn. 1990). The trial judge is obligated, without request, to give the jury proper instructions which are "fundamental in nature, [and] essential to a fair trial". Id. at 249. The defendant does not have a right, though, to have redundant or irrelevant instructions charged to the jury. Bryant, 654 S.W.2d at 390.

Instructions are meant to instruct and aid the jury, not to confuse and distort the issues. In the present case, instructions regarding the law of self-defense were irrelevant to the issues at hand. No evidence was presented that would indicate that the Defendant acted in self-defense. The Defendant admitted to initiating the altercation, and he never presented evidence showing he

-6-

possessed a reasonable belief of imminent and actual danger from Ms. Smith. Based on the evidence presented at trial, the trial court properly denied the requested jury instructions on self-defense.

### F. Defendant's Right to Address the Jury and Contempt of Court

The Defendant argues that the trial court denied him his constitutional right to be heard by prohibiting him from addressing the jury after closing arguments were presented by both sides and the jury had been instructed by the court. The Tennessee Rules of Criminal Procedure provide that the number of arguments permitted to both the prosecution and the defense beyond the opening and closing arguments is within the sound discretion of the trial judge. Tenn. R. Crim. P. 29.1. Our supreme court has ruled that a defendant does not have a constitutional, statutory, or common law right to make an unsworn statement to the jury. See State v. Stephenson, 878 S.W.2d 530, 552 (Tenn. 1994).[3] Rule 29.1 of the Tennessee Rules of Criminal Procedure does not allow the Defendant to make a statement to the jury after both sides have presented their closing remarks to the jury and the jury has been instructed on the law. The trial court did not deny the Defendant the right to be heard in this case, and the trial court did not abuse its discretion pertaining to closing arguments.

Concerning the issue of criminal contempt, the trial judge has the discretion to punish criminal contempt of court by summary disposition if the judge certifies that the conduct constituting contempt was committed in the presence of the court. Tenn. R. Crim. P. 42(a). Criminal contempt is defined as

> (1) [t]he willful misbehavior of any person in the presence of the court, or so near thereto as to obstruct the administration of justice[;]
> (2) [t]he willful misbehavior of any of the officers of said court, in their official transactions[;]
> (3) [t]he willful disobedience or resistance of any officer of the said court, party, juror, witness, or any other person, to any lawful writ, process, order, rule, decree, or command of such courts[;]
> (4) [a]buse of, or unlawful interference with, the process or proceedings of the court[;]
> (5) [w]illfully conversing with jurors in relation to the merits of the cause in the trial of which they are engaged, or otherwise tampering with them[;]
> (6) [a]ny other act or omission declared a contempt by law.

Tenn. Code Ann. § 29-9-102. The Supreme Court of Tennessee and this Court recognize that summary disposition threatens the right to due process, and for that reason, our supreme court has cautioned that summary disposition should only be used in exceptional circumstances. State v. Turner, 914 S.W.2d 951, 957 (Tenn. Crim. App. 1995). The determination of what action

---

[3] The right of allocution involves a defendant's right to be heard during sentencing. See Tenn. Code Ann. § 40-35-210(b)(6); Stephenson, 878 S.W.2d at 550-52. Although similar to the right of allocution, the issue in this case involves statements made to the jury before the verdict.

constitutes contempt necessitating immediate summary disposition rests within the discretion of the trial judge. Id.

In this case, the Defendant continued to address the jury even after the trial court denied his request to do so. Not only was the timing of the Defendant's outburst inappropriate, but his explicit disrespect for the ruling of the trial court justified the contempt of court charge. Because the contemptuous behavior took place before the judge, it was within the trial judge's discretion to declare the Defendant summarily in criminal contempt of court. We agree with the trial court's ruling that the Defendant's behavior in addressing the jury after an explicit denial by the trial court of his request to do so constituted willful misbehavior by the Defendant in the presence of the court. Accordingly, we affirm the conviction for criminal contempt.

## G. Sentencing

Finally, the Defendant argues that the sentence imposed by the trial court was excessive. The Defendant was convicted of assault, which is a Class A misdemeanor. The maximum possible penalty for a Class A misdemeanor is eleven months and twenty-nine days incarceration. Tenn. Code Ann. § 40-35-111(e)(1).[4]

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the trial court is required to allow the parties a reasonable opportunity to be heard on the question of the length of the sentence and the manner in which it is to be served. Id. § 40-30-302(a). The sentence must be specific and consistent with the purposes and principles of the Criminal Sentencing Reform Act of 1989. Id. § 40-35-302(b). A percentage of not greater than seventy-five percent of the sentence should be fixed for service, after which the defendant becomes eligible for "work release, furlough, trusty status and related rehabilitative programs." Id. § 40-35-302(d).

The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence. State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). However, in determining the percentage of the sentence to be served in actual confinement, the court must consider enhancement and mitigating factors as well as the purposes and principles of the Criminal Sentencing Reform Act of 1989, and the court should not impose such percentages arbitrarily. Tenn. Code Ann. § 40-35-302(d).

In this case, the trial court considered the presentence report and testimony offered by the Defendant. The trial court considered that the Defendant had a prior history of crimes involving violence and that the Defendant had been given probation on an earlier conviction. We conclude that the Defendant's sentence for the assault conviction was not excessive and was consistent with the purposes and principles of the 1989 Criminal Sentencing Reform Act. Likewise, we conclude that a sentence of two days confinement for the criminal contempt conviction was appropriate.

---

[4] However, the statute specifies that this is the maximum possible sentence "unless otherwise provided by statute." Id. § 40-35-111(e)(1).

Accordingly, the judgment of the trial court is AFFIRMED.

_____
ROBERT W. WEDEMEYER, JUDGE