**Lee HILL, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

April 15, 1974.

Certiorari Denied by Supreme Court
July 15, 1974.

Jerome C. Ables, South Pittsburg, for plaintiff in error.

David M. Pack, Atty. Gen., William C. Koch, Jr., Asst. Atty. Gen., Nashville, J. William Pope, Jr., Dist. Atty. Gen., Pikeville, for defendant in error.

RUSSELL, Judge.

## OPINION

The plaintiff-in-error, Lee Hill, appeals his armed robbery conviction and ten (10) year penitentiary sentence.

The first assignment of error questions the legal sufficiency of the convicting evidence. We have carefully reviewed the record and hold that plaintiff-in-error has not carried his burden in this Court of demonstrating that the preponderance of the evidence is against the verdict and in favor of his innocence. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173. The robbery victim was able to positively identify Hill's codefendant Gregory, and was able to state that two men committed the robbery. It was shown that Gregory and Hill and their female companions fled in a car that Hill had been driving earlier, and they

were arrested simultaneously in a car matching the description given to the police by the victim, his employer and bystanders. The proof also shows that Hill's parents returned some of the stolen property and were instrumental in helping authorities to recover a portion of the stolen money. Furthermore, a bullet fired at the victim was proven to have been fired from a pistol found in Hill's automobile when he was arrested shortly after the crime.

Neither Gregory nor Hill testified, closing their defense without presenting any evidence. The second and final assignment of error complains of the introduction into evidence of Gregory's confession, which also implicated Hill. No contemporaneous objection based upon a denial of the right of confrontation as set out in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, was made, and neither was a complaint on that basis included in the motion for a new trial. But in this Court, on appeal, the claim is made that Hill was thus denied his Sixth Amendment right to the confrontation of the witnesses used against him.

We have heretofore held that a clear *Bruton* violation, as certainly appears here, does not entitle one to a new trial when no timely and proper objection was made. This was the holding in Hester v. State, 2 Tenn.Cr.App. 11, 450 S.W.2d 609, wherein we said of a *Bruton* violation question raised for the first time on appeal:

"[3] An objection made for the first time on appeal is not tenable. (citing cases) Errors to which no objection were made and exceptions taken in the trial court cannot be raised for the first time on appeal. (citing cases) Generally, appellate courts review only questions presented for determination in the lower court. (citing cases) Supreme Court Rule 14(4) and (5)."

"[4] These defendants, under this record, cannot rely upon the *Bruton*

rule; and the assignment based thereon is overruled."

In the case of Floyd v. State, 1 Tenn. Cr.App. 106, 430 S.W.2d 888, in an opinion written by Presiding Judge Walker and concurred in by Judges Oliver and Gilliam, it was held that objections to evidence must be timely made or they are waived and cannot be raised for the first time on appeal. Where defendant's statement was allowed to go to the jury without objection his claim on appeal that it was obtained in violation of his constitutional rights was not available to him.

We adhered to this same rule in a case involving a tainted identification. Herman v. State, 2 Tenn.Cr.App. 257, 453 S.W.2d 421. We said, in a case involving the admission of a statement that was not objected to, "This forecloses the question". Buchanan v. State, 2 Tenn.Cr.App. 398, 454 S.W.2d 178.

While recognizing the authority that holds that constitutional questions may be raised at any time, we believe that rule applies only to fundamental constitutional defects in the convicting process not waived or not subject to waiver. To apply the rule to questions of evidence admissibility would undercut the very function of the trial process, for it would become a tactical matter of defense to allow a bit of constitutionally inadmissable evidence into the record, in the hope for an acquittal but secure in the knowledge that a new trial would result. The vast majority of procedural and evidentiary questions may be said to be constitutional. Search and seizure, fifth amendment, due process, equal protection, right to counsel, or one of the many other constitutional provisions lies at the bottom of most trial proceeding questions. We cannot say that constitutional questions enjoy an immunity from being raised on the trial without by so doing destroying the trial process itself.

Both assignments of error are held to be without merit and the conviction is affirmed.

MITCHELL, and OLIVER, JJ., concur.