STATE of Tennessee, Appellee,

v.

Larry SIMERLY, Alias, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 12, 1980.

Permission to Appeal Denied by Supreme Court May 2, 1981.

Jim D. Owen, Knoxville, for appellant.

William M. Leech, Jr., Atty. Gen., Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., James R. Dedrick, Asst. Dist. Atty. Gen., Knoxville, for appellee.

OPINION

DWYER, Judge.

This is an appeal as a matter of right from a conviction for grand larceny with punishment enhanced to life imprisonment due to the jury's findings that the appellant was an habitual criminal. Appellant's court-appointed attorney was allowed to withdraw with counsel being appointed to perfect this appeal.

The issues presented for review relate to (1) the sufficiency of the evidence, (2) a variance in the indictment and proof, (3)

failure to charge the lesser included offense of joy riding and concealing stolen property, (4) violation of appellant's right to remain silent during the cross examination of appellant and in the closing argument, (5) the attorney general's cross examination as to specific details of prior convictions, (6) the habitual criminal statute is unconstitutional, and (7) appellant was denied effective assistance of counsel.

■ With an issue dealing with the sufficiency of the evidence, a review of the record indicates on October 12, 1978, a Mr. Howard Williams parked his 1962 light green Chevrolet automobile in front of a residence located at 1110 Bonnyman Drive in Knoxville. Around 4:00 a. m. the next morning, he noticed the car was gone and promptly notified the police. The car was last seen by Mr. Williams around 2:00 a. m. A Knoxville police officer who was aware of the theft complaint observed the appellant drive the automobile into a mini-mart around 7:00 a. m. and promptly arrested him. The appellant made no statement. The automobile was identified and returned to the owner by the Knoxville Police Department that afternoon.

At the trial, the appellant testified that around midnight a Mr. Hunter who had been drinking approached him and his lady friend, Ms. Welch, in the Hideway Lounge in Knoxville and asked appellant to drive for him. After purchasing liquor from a bootlegger, they went to Ms. Welch's apartment for some libations. Later, he took Hunter home and was then dispatched for more beer when he was arrested. In short, appellant had no knowledge the car was stolen and was driving it merely as a favor to Mr. Hunter.

We can readily understand the jury's rejection of appellant's theory and its acceptance of the State's when they convicted the appellant of grand larceny. Moreover, from the evidence adduced, any reasonable trier of fact could find appellant guilty beyond a reasonable doubt. Rule 13(e), Tennessee Rules of Appellate Procedure. The first issue is overruled.

■ The next four issues cannot be considered for there was no contemporaneous objection imposed nor were they presented in the motion for new trial. Consequently, they have been waived. *Pennington v. State*, 573 S.W.2d 755, 758 (Tenn.Cr.App.1978); *Wheeler v. State*, 539 S.W.2d 812, 815 (Tenn.Cr.App.1976); Rule 36(a), T.R.A.P. Since one of these issues involved the Fifth Amendment right of the appellant, we quote and adopt the following in *Hill v. State*, 513 S.W.2d 142, 143 (Tenn. Cr.App.1974):

"While recognizing the authority that holds constitutional questions may be raised at any time, we believe that rule applies only to fundamental constitutional defects in the convicting process not waived or not subject to waiver. To apply the rule to questions of evidence admissibility would undercut the very function of the trial process, for it would become a tactical matter of defense to allow a bit of constitutionally inadmissible evidence into the record, in the hope for an acquittal but secure in the knowledge that a new trial would result ... Search and seizure, *fifth amendment, due process*, equal protection, right to counsel, or one of the many other constitutional provisions lies at the bottom of most trial proceeding questions. *We cannot say that constitutional questions enjoy an immunity from being raised at the trial without by so doing destroying the trial process itself.*" (Emphasis supplied.)

The appellant concedes the habitual criminal statute is not unconstitutional, therefore this issue is without merit.

■ The ineffective counsel question with no pro and con evidence presented cannot be resolved from this record; hence it is without merit. The judgment of the trial court is affirmed.

TATUM and CORNELIUS, JJ., concur.