IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
March 18, 2003 Session

**STATE OF TENNESSEE v. ROMEY STONE**

**Appeal from the Circuit Court for Grainger County**
**Nos. 3401, 3617     O. Duane Slone, Judge**

**No. E2002-02570-CCA-R3-CD**
**June 2, 2003**

The Appellant, Romey Stone, appeals the decision of the Grainger County Circuit Court revoking his placement in the community corrections program and ordering service of his original sentences in the Department of Correction.  On appeal, Stone argues that: (1) the trial court abused its discretion by relying on unreliable evidence in revoking his community corrections sentences, and (2) he was denied due process based upon the lack of a "neutral and detached" fact-finder. After review, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Paul G. Whetstone, Mosheim, Tennessee, for the Appellant, Romey Stone.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; Brent C. Cherry, Assistant Attorney General; Al C. Schmultzer, Jr., District Attorney General; and Ronald C. Newcomb, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Procedural History**

On December 10, 2001, the Appellant pled guilty to two counts of aggravated sexual battery and, pursuant to the plea agreement, received two consecutive four-year community corrections sentences, with six months jail confinement.

On June 10, 2002,  a violation warrant was issued, alleging that the Appellant had violated the terms of his community corrections agreement by testing positive for marijuana.  The Appellant stated that he informed his case officer that he had not smoked marijuana and, if it was in his system,

it was because he had attended a party in Cocke County, where the drug could have been present. Thereafter, an amended violation warrant was issued, including namely a violation for leaving the county, *i.e.,* to attend the Cocke County party without prior consent, and, additionally, failure to pay fees, costs, and restitution. An evidentiary hearing was conducted, and the trial court found that the Appellant had violated a condition of his behavioral agreement by testing positive for marijuana. Following this finding, the trial court then questioned the Appellant about his previous criminal history, which included a twenty-year-old aggravated sexual battery conviction. Upon learning of this conviction, the trial court abruptly terminated the proceedings without entering any further findings and ordered that the Appellant's original sentences be executed. This appeal followed.

## Analysis

On appeal, the Appellant argues that the trial court revoked his community corrections sentences based upon unreliable evidence. Specifically, the Appellant challenges the reliability of the drug test results as required by *State v. Wade*, 863 S.W.2d 406, 409 (Tenn. 1993).

Upon finding, by a preponderance of the evidence, that a defendant has violated the conditions of his behavioral agreement, a trial court retains the authority to revoke the defendant's placement in the community corrections program and cause execution of the original judgment as it was entered. Tenn. Code Ann. § 40-36-106(e)(4) (1997). This court reviews revocation under an abuse of discretion standard. *State v. Stubblefield*, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). This means that the evidence need only show that the trial judge has exercised "conscientious and intelligent judgment in making the decision rather than acting arbitrarily." *State v. Leach*, 914 S.W.2d 104, 107 (Tenn. Crim. App. 1995) (citing *Stamps v. State*, 614 S.W.2d 71, 73 (Tenn. Crim. App. 1980)). Thus, in reviewing the trial court's action, it is our obligation to examine the record and determine whether the trial court exercised conscientious judgment in determining that there was substantial evidence to establish a violation occurred.

At the conclusion of the hearing, the trial court revoked the Appellant's community correction sentences based upon its finding that the Appellant tested positive for marijuana. The proof supporting illegal drug usage by the Appellant was established by the results of three drug tests administered by the community corrections officer. Relying upon the authority of *State v. Wade*, 863 S.W.2d 406, 409 (Tenn. 1993), the Appellant argues that his revocation, based upon unreliable test results, was improper. Indeed, in *State v. Wade*, our supreme court held "that the State is not entitled to revoke probation based on an unidentified laboratory test admitted into evidence without a finding of good cause and proof of the reliability of the test report." *Wade*, 863 S.W.2d at 410. While no such finding was made in this case, no objection was entered at the revocation hearing with regard to admission of the three drug test results.

Rule 36(a) of the Tennessee Rules of Appellate Procedure provides that no relief is required for a party "who fail[s] to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." Only those issues which are determined to be "fundamental

constitutional defects in the convicting process" may be raised at any time, as they are not subject to waiver analysis. The issue before us, admission of drug tests absent proof of reliability, is an evidentiary rather than a constitutional issue. To exempt questions of evidence admissibility from waiver analysis would "undercut the very function of the trial process, for it would become a tactical matter of defense to allow a bit of constitutionally inadmissible evidence into the record, in the hope for an aquittal but secure in the knowledge that a new trial would result . . ." *State v. Simerly*, 612 S.W.2d 196, 197 (Tenn. Crim. App. 1980) (quoting *Hill v. State*, 513 S.W.2d 142, 143 (Tenn. Crim. App. 1974)). Accordingly, we conclude that this issue, raised for the first time on appeal, is waived.

Next, the Appellant argues that he was denied due process protections based upon the lack of a neutral and detached fact-finder. The Appellant's argument is predicated upon the following colloquy, which occurred after the trial court's finding of a violation:

> THE COURT: . . . You don't have any prior history or criminal convictions, do you?
>
> [THE APPELLANT]: No. About twenty years ago.
>
> DEFENSE COUNSEL: He says something twenty years ago.
>
> THE COURT: What was it?
>
> [THE APPELLANT]: I forgot what they called it, sexual charge.
>
> THE STATE: Your Honor, I'm looking at Mr. Stone's criminal history as part of his pre-sentence report. It shows that he was convicted in Hamblen County.
>
> THE COURT: Aggravated Sexual Battery.
>
> THE STATE: That's what it shows, Your Honor.
>
> THE COURT: Who was the victim?
>
> [THE APPELLANT]: My daughter.
>
> THE COURT: Your daughter?
>
> [THE APPELLANT]: Yes, I called in myself and told them, Human Services.
>
> THE COURT: How old was your daughter?
>
> [THE APPELLANT]: She was thirteen.
>
> THE COURT: Execute your sentence, sir. Court is adjourned.

In order to establish an abuse of discretion, we must find that the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred. *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App 1980). Prior to inquiry into the Appellant's previous criminal history, the trial court had determined that a violation of the behavioral agreement had been established, *i.e.*, namely a positive test for marijuana. We find nothing in the record which suggests that the court's ruling resulted from anything other than a "conscientious and intelligent judgment" by the trial judge. While perhaps the better policy for the trial court would have been to enter findings with regard to each of the remaining alleged violations, the court's action does not establish an abuse of discretion, as any violation of the behavioral agreement would permit revocation of the community corrections sentences. Thus, having found the issue of reliability of the drug test to be waived, the evidence of the Appellant's drug use standing alone supported the decision of the trial court. The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, JUDGE