# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### APRIL 1999 SESSION



FILED

August 4, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | C.C.A. No. 02C01-9806-CC-00176 |
| Plaintiff/Appellee, | ) | |
| | ) | Madison County |
| v. | ) | |
| | ) | Honorable Franklin Murchison, |
| **TERRANCE LAVAR FREEMAN,** | ) | Judge |
| | ) | |
| Defendant/Appellant. | ) | (Statutory Rape, Contributing to the |
| | ) | Delinquency of a Minor) |


**FOR THE APPELLANT**:

**DANIEL J. TAYLOR**
Assistant Public Defender
26th Judicial District
227 West Baltimore Street
Jackson, TN 38301

**FOR THE APPELLEE**:

**PAUL G. SUMMERS**
Attorney General & Reporter

**PETER M. COUGHLAN**
Assistant Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**JERRY G. WOODALL**
District Attorney General
225 Martin Luther King Drive
P. O. Box 2825
Jackson, TN 38302-2825

**DONALD H. ALLEN**
Assistant District Attorney
P. O. Box 2825
Jackson, TN 38302

**OPINION FILED**: _____

**STATUTORY RAPE CONVICTIONS AFFIRMED;
CONTRIBUTING TO THE DELINQUENCY OF A
MINOR CONVICTION DISMISSED**

**L. T. LAFFERTY, SENIOR JUDGE**

# O P I N I O N

The appellant, Terrance Lavar Freeman, herein referred to as the "defendant," appeals as of right from four convictions of statutory rape and one conviction for contributing to the delinquency of a minor by a Madison County jury. In three counts, the trial court imposed a two year sentence on each count as a Range I, Standard Offender, in the Department of Corrections to run concurrently. In one count, the trial court imposed a four year sentence, Range II, Multiple Offender. The order of judgment reveals the four year sentence is to be consecutive to an eight year sentence, in which probation had been revoked. The defendant presents two appellate issues:

1. Whether the evidence is sufficient to support the verdicts of guilt.

2. Whether the convictions for both statutory rape and contributing to the delinquency of a minor violate the double jeopardy principles of Article 1, Section 10 of the Tennessee Constitution.

After a review of the entire record, briefs of the parties and appropriate law, we affirm the trial court's judgment.

## FACTUAL BACKGROUND

Jennifer Smith, age 15, testified she attends Jackson-Central Merry High School. Ms. Smith met the defendant in December, 1996, while attending a Christmas parade. While she was dancing, the defendant came up behind her and touched her on the "butt". Ms. Smith had seen the defendant once before at a swimming pool, but she had never talked to him. The defendant gave Ms. Smith his pager number and requested she call him the next day "and maybe they would get to know each other." For approximately one week, Ms. Smith called the defendant every day. In the middle of December 1996, Ms. Smith was house sitting an apartment of Fonzel Cowell, when the defendant appeared. The defendant was accompanied by his cousin. While his cousin was in the kitchen, Ms. Smith and the defendant were on the love seat in the living room. The defendant asked her to have sex, to which she replied, "no." After further conversation, Ms. Smith agreed to have sexual intercourse with the defendant, which she did. Ms. Smith testified she did

2

not know the defendant's age, nor did the defendant ask her's.

About a month later, the defendant came to the same apartment with his cousin. Ms. Smith, again, agreed to have sexual intercourse with the defendant. The defendant gave her a beeper, a teddy bear, and some shoes. The beeper was to be used by Ms. Smith to contact the defendant. After the second sexual encounter, Ms. Smith and her mother talked to the defendant at a laundromat. Her mother wanted to know "why we was messing around, and why I didn't tell her nothing about it?" The defendant told Ms. Smith he was 19 years old. Ms. Smith was 14 years old at the time. After the laundromat encounter, Ms. Smith continued to contact the defendant. Ms. Smith went to the defendant's home, where they engaged in sexual intercourse. When confronted by her mother, Ms. Smith admitted she was with the defendant again. Her mother gave the defendant back the pager he had given Ms. Smith and told the defendant not to come around anymore. That very night, the defendant gave the pager back to Ms. Smith.

In February 1997, Ms. Smith testified she and the defendant met again at his home, where they had sexual intercourse. Again, Ms. Smith and her mother confronted the defendant and eventually went to the police. After her mother learned the defendant was with her again, she sent Ms. Smith to the Health Department for tests. Tests revealed that Ms. Smith had contracted a sexually transmitted disease, chlamydia. Then, Ms. Smith admitted she had missed school to see the defendant. She also testified that the defendant threatened to harm her mother if he were to go to jail. Ms. Smith admitted she sent a letter, in April 1997, concerning her feelings towards him.

Mrs. Everlena Smith testified she has two daughters, Jennifer, age 15 and Shenitra. Jennifer attends the tenth grade and, in 1996-1997, she was 14. Mrs. Smith testified she called the defendant, on the phone in December 1996 and early January 1997 and had him meet her at a laundromat. Mrs. Smith had discovered that the defendant and Jennifer had some contact. Mrs. Smith informed the defendant that she disapproved of her daughter having sex, because she is not of courting age. Several days later, the defendant appeared at the Smith's home. Mrs. Smith told the defendant that he could see her

3

daughter, but they were to have no more sexual involvement, and her daughter was not to skip school. Mrs. Smith was aware that the defendant was 19 and returned the beeper he had given Jennifer. The defendant agreed not to have sex with her daughter any longer.

When Mrs. Smith learned her daughter and the defendant were continuing to see each other, she confronted the defendant at his home. The defendant stated that "he has a right to talk to whoever he wants." The defendant went to his car and showed Mrs. Smith that he had a gun. Mrs. Smith left and went straight to the police.

Donna Turner, a criminal investigator for the Jackson Police Department, testified she saw the defendant in the interview room of the police department. The defendant had been charged with three counts of statutory rape and one count of contributing to the delinquency of a minor. Investigator Turner advised the defendant of his constitutional rights in a waiver, which the defendant signed. The defendant agreed to give a statement, which Turner took. In his statement, the defendant admitted he had sex with Jennifer Smith on four occasions. He stated that he did not force Ms. Smith to have sex with him. He gave his date of birth as September 8, 1977, making him 19 years old at the time.

Lafayette McKinnie, in testifying for the defense, stated he is a co-employee of the defendant and is not the defendant's cousin. McKinnie testified he went with the defendant in December 1996 to see Jennifer Smith. They were there for about two hours, watching movies, and playing cards. Jennifer's mother was present all of the time. McKinnie was aware the defendant gave Jennifer a beeper and some shoes. McKinnie testified he and the defendant visited Jennifer on four occasions. On one occasion, Mrs. Smith appeared at the defendant's home, where the defendant and Mrs. Smith exchanged some words. McKinnie denied seeing the defendant with a gun or hearing him threaten Ms. Smith. The mother left mad.

David Argo, the Director of the sexually transmitted disease and HIV unit, testified for the Jackson-Madison County Health Department. Mr. Argo testified that chlamydia, a

4

bacterial infection, is a sexually transmitted disease that is contacted through sexual activity. The defendant was examined at the Health Department on August 20, 1997, for chlamydia or any other sexual diseases, and the test results were negative. Argo testified that if a person had chlamydia in December 1996, January and February 1997, and took proper medication, the infection could clear up within forty-eight hours and would not be present five or six months later.

The defendant testified that from December 1996 through February 1997 he was 19 years old. The defendant met Jennifer Smith on December 4, 1996, at a Christmas parade, where they danced. Jennifer Smith told the defendant she was 17 and a senior at Jackson Central Merry High School. The defendant told Jennifer he was 19, and gave her his pager number. Jennifer paged the defendant the next day and every day for a week. On their first encounter, the defendant went to an apartment where Jennifer was house sitting. The defendant testified that one thing led to another, and the couple had sexual intercourse. The defendant testified that he had sexual intercourse with Jennifer a total of four times. One day, Jennifer's mother called the defendant for a meeting and asked if her daughter became pregnant, "was I going to be a man and take responsibility for the child." The mother did not indicate that the defendant was to stop seeing her daughter. The defendant considered that he and Jennifer were boyfriend and girlfriend. The defendant was aware that Jennifer Smith was skipping school, but did not dissuade her from doing so.

On the day of their last encounter, the defendant returned home to find Jennifer and her mother at his house. Mrs. Smith said, "I don't want you seeing my daughter any more." The defendant testified that he responded, "Fine, I don't care." The defendant left in his car and denied he showed a gun to Mrs. Smith. The defendant acknowledged he gave a statement to Donna Turner, Criminal Investigator. Also, the defendant testified he had a number of convictions ranging from forgery, theft, reckless endangerment, and felony evading arrest. The defendant insisted he did not tell Donna Turner that he knew Jennifer Smith was 14. While serving time in jail after his arrest on these charges, the defendant had taken only aspirin and Tylenol.

Olvesta Powell, nurse for the Madison County Sheriff's Department, testified that the defendant, while an inmate, had been taken to the Health Department for some tests. Prior to his visit, the defendant had not been given any prescribed antibiotics.

In rebuttal, Donna Turner testified that in her interview with the defendant, he said Jennifer was 14 or 15. She stated that the defendant never told her that he thought Jennifer was 17. If it were so, she testified that she would have put it in his statement.

**LEGAL ANALYSIS**

The defendant contends that the testimony of the state witnesses as to their credibility is such that this evidence is insufficient to support their verdict. The State urges this Court to affirm the trial court's judgment.

When there is a challenge to the sufficiency of the evidence, the state is entitled to the strongest legitimate view of the proof at trial and all reasonable inferences which might have been drawn therefrom. *State v. Harris,* 839 S.W.2d 54, 75 (Tenn. 1992); *State v. Blandon,* 926 S.W.2d 953, 958 (Tenn. Crim. App.), *perm. app. denied* (Tenn. 1996). A jury verdict approved by the trial court accredits the testimony of the witnesses for the state and resolves any conflicts in the evidence in favor of the state's theory. *State v. Williams,* 657 S.W.2d 405, 410 (Tenn. 1983), *cert. denied,* 465 U.S. 1073, 104 S. Ct. 1429, 79 L. Ed. 2d 753 (1984). This Court may neither re-weigh nor reevaluate the proof offered at trial and must not substitute its inference for those drawn by the trier of the fact. *Liakas v. State,* 199 Tenn. 298, 286 S.W.2d 856, *cert. denied,* 352 U.S. 845, 77 S. Ct. 39, 1 L. Ed. 2d 49 (1956). The ultimate issue is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); Tenn. R. App. P. 13(e). A defendant challenging the sufficiency of the evidence has the burden of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. *State v. Freeman,* 943 S.W.2d 25, 29 (Tenn. Crim. App. 1996), *perm. app. denied,* (Tenn. 1997).

For the State to successfully convict the defendant of statutory rape, it must prove beyond a reasonable doubt the elements of that criminal offense. Tenn. Code Ann. § 39-13-506(a) defines the offense:

> Statutory rape is sexual penetration of a victim by the defendant or of the defendant by the victim when the victim is at least thirteen (13) but less than eighteen (18) years of age and the defendant is at least four (4) years older than the victim.

Since the defendant asserts that the victim, Jennifer Smith, lied about contracting a sexually transmitted disease from him, and the victim's mother permitted him to see the victim, he claims that the evidence does not support his conviction. Further, the defendant contends he honestly believed the victim was seventeen (17). The trial court granted a request from the defendant that the defense of ignorance and mistake of fact be charged to the jury. The evidence in this record overwhelmingly supports that the victim was fourteen (14) at the time of her sexual activity with the defendant. The defendant admits his sexual relationship with the victim. Notwithstanding the fact that the defendant did not have a sexually transmittable disease, the jury resolved the credibility of the witnesses in favor of the State. We hold that there was sufficient evidence to convict the defendant for statutory rape.

Next, the defendant contends that the convictions for both statutory rape and contributing to the delinquency of a minor involve the same facts and acts, thus violating the double jeopardy provisions set forth in Article 1, Section 10, of the Tennessee Constitution. The State concedes that the conviction for contributing to the delinquency of a minor cannot stand.

As a result of this conviction, the trial court sentenced the defendant to eleven (11) months and twenty-nine (29) days in the Madison County jail to run concurrently with the statutory rape sentences. Count five (5) of the indictment alleges the defendant did unlawfully and willfully contribute to or encourage the delinquency or unruly behavior of a minor, to wit, Jennifer Smith, under the age of eighteen (18) years, by aiding or abetting or encouraging the said Jennifer Smith to engage in delinquent or unruly behavior.

7

The record reveals the defendant at the conclusion of the State's case in chief, moved the trial court for a judgment of acquittal. As grounds, the defendant contended that the offense of contributing to the delinquency of a minor was unnecessary duplication of the charge, since the sexual conduct in the counts alleging statutory rape are the same acts to support the offense of contributing to the delinquency of a minor. The trial court denied the motion of judgment of acquittal, agreeing the charge of delinquency was duplication but believed it was something that might be merged, since the jury had not determined the defendant's guilt on any offense. Further, the record reveals the defendant did not raise a double jeopardy question in his motion for a new trial or at the hearing of the motion for a new trial. The defendant raises this issue for the first time on direct appeal.

This issue on double jeopardy is waived upon the failure of the defendant to raise it in his motion for a new trial. Rule 36(a), T.R.A.P., requires that the alleged error must be presented to the trial court and, thus, enables the appellate court to adequately review the record for a proper determination. *State v. King,* 622 S.W.2d 77, 79 (Tenn. Crim. App. 1981). However, constitutional questions may be raised at any time, which applies only to fundamental constitution defects in the convicting process not waived or subject to waiver. *State v. Simerly,* 612 S.W.21d 196, 197 (Tenn. Crim. App. 1981) (quoting *Hill v. State,* 513 S.W.2d 142, 143 (Tenn. Crim. App. 1974)).

However, we elect to consider the issue of double jeopardy under the principle of plain error. Rule 52(b) of the Tenn. R. of Crim. P. provides:

> An error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice.

To determine plain error, we must consider the following: (1) the record must clearly establish what occurred in the trial court; (2) a clear and unequivocal rule of law must have been breached; (3) a substantial right of the accused must have been adversely affected; (4) the accused did not waive the issue for tactical reasons; and (5) consideration of the error is 'necessary to do substantial justice.' *State v. Adkisson,* 899 S.W.2d 626, 641-42

8

(Tenn. Crim. App. 1994). (quoting Tenn. R. Crim. P. 52(b)).

In *State v. Denton,* 938 S.W.2d 373 (Tenn. 1996), the Supreme Court established a four prong analysis to determine whether multiple convictions arising out of the same facts are proper:

> In sum, resolution of a double jeopardy punishment issue under the Tennessee Constitution requires the following: (1) a *Blockburger* analysis of the statutory offenses; (2) an analysis, guided by the principles of *Duchac,* of the evidence used to prove the offenses; (3) a consideration of whether there were multiple victims or discrete acts; and (4) a comparison of the purposes of the respective statutes. None of the steps is determinative; rather the results of each must be weighed and considered in relation to each other.

*Id.* at 381. In this case, the record establishes that the sexual activity formed the basis for both convictions, statutory rape and contributing to the delinquency of a minor. Under the proof in this record, clearly three of the four factors indicate a violation of the Double Jeopardy Clause, therefore, the delinquency conviction must fail.

We affirm the trial court's judgments as to the offenses of statutory rape, but reverse the defendant's conviction for contributing to the delinquency of a minor and dismiss that charge.

_____

L. T. LAFFERTY, SENIOR JUDGE

CONCUR:

_____

JOSEPH M. TIPTON, JUDGE

9

_____

DAVID G. HAYES, JUDGE