IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 7, 2017

**STATE OF TENNESSEE v. MARCUS PUCKETT**

**Appeal from the Criminal Court for Shelby County**
**No. 11-05251     John Campbell, Judge**

---

**No. W2016-00353-CCA-R3-CD**

---

The defendant, Marcus Puckett, appeals his Shelby County Criminal Court jury conviction of driving under the influence ("DUI"), claiming that the trial court erred by permitting the State to play the video recording of the defendant's traffic stop in its entirety in violation of his constitutional rights.  Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Claiborne Ferguson, Memphis, Tennessee, for the appellant, Marcus Puckett.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Michael McCusker, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Following a 2013 jury trial, a Shelby County Criminal Court jury convicted the defendant of one count of DUI.  On appeal, this court reversed the defendant's conviction and granted a new trial based upon the trial court's failure to suppress the results of a breath alcohol test because the State failed to comply with the *Sensing* requirements.  *See State v. Marcus Puckett*, No. W2013-02556-CCA-R3-CD, slip op. at 1 (Tenn. Crim. App., Jackson, Nov. 20, 2014) (citing *State v. Sensing*, 843 S.W.2d 412 (1992)).

At the defendant's second trial, Officer Joshua Shultz of the Germantown Police Department testified that at approximately 3:00 a.m. on November 28, 2010, he

was working as part of the Shelby County Sheriff's Office Metro DUI Task Force when he observed a green Cadillac "stopped at a green light at Houston Levee and Macon." He watched the vehicle "accelerate rapidly" before swerving in its lane several times. Officer Shultz activated his emergency equipment. The vehicle pulled over in an open space and then continued to roll forward until Officer Shultz sounded his siren. After the car stopped, Officer Shultz approached the driver's side and tapped the window to get the driver to roll the window down.

The defendant, who was shirtless and covered in blood, was sitting in the driver's seat, and Kanisha Hutchison was seated in the passenger's seat. The windshield of the vehicle was completely shattered. When Officer Shultz asked the defendant to exit the vehicle, he immediately noticed a strong odor of alcohol coming from the defendant's person. In addition, the defendant swayed on his feet, his clothing was disheveled, his eyes were glassy and watery, and he was speaking incoherently. At one point, Officer Shultz called emergency medical services to examine the defendant. After the defendant was cleared by medical personnel, Officer Shultz continued to question the defendant in an attempt to discern how the defendant came to be covered in blood and how the windshield came to be shattered. The defendant's girlfriend, Kanisha Hutchison, eventually told Officer Carolyn Chambers, who had come to assist in the investigation, that the defendant had smashed the windshield with his fist.

Officer Shultz testified that he did not ask the defendant to perform field sobriety tests because it was too cold outside for the shirtless defendant to perform the tests and because the defendant was "obviously drunk." Instead, he arrested the defendant for DUI. He reiterated that the defendant was stopped at a green light when he first observed him, that he smelled of alcohol, that he had watery, glassy eyes, and that he was unsteady on his feet. Additionally, Officer Shultz recalled that the defendant spoke incoherently and, at one point, defecated on himself.

The State exhibited to Officer Shultz's testimony the video recording of the traffic stop. The first 45 minutes of the recording was played for the jury.

Based upon this evidence, the jury convicted the defendant of DUI.

The defendant filed a timely but unsuccessful motion for new trial followed by a timely notice of appeal. In this appeal, the defendant argues that the trial court erred by permitting the State to play "the entire video in its unedited form" of the defendant's traffic stop, including portions that had been declared inadmissible prior to the defendant's first trial. The State contends that the defendant waived the issue by acquiescing to the prosecutor's pretrial request to play the first 45 minutes of the video and by failing to lodge an objection when the State introduced the video at trial. The

defendant also argues that the introduction of the video recording in light of the previous ruling amounted to prosecutorial misconduct. The State argues that the defendant waived this issue by failing to include it in his motion for new trial.

We agree that the defendant has waived consideration of both issues. The record does not include the ruling of the trial court prior to the first trial excluding portions of the video or any other indication of which portions, specifically, were redacted. Without this information, we cannot say, definitively, that the video recording played during the second trial included those portions of the video previously deemed inadmissible. We do observe that, contrary to the assertion in the defendant's brief, "the entire video in its unedited form" was not played for the jury. Only 45 minutes of the more than two hours of footage was played at trial. In any event, the defendant, as the appellant bore the burden to prepare an adequate record for appellate review, *see State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993), and, in the absence of an adequate record, this court must presume the trial court's ruling was correct, *see State v. Richardson*, 875 S.W.2d 671, 674 (Tenn. Crim. App. 1993). Without the benefit of the trial court's ruling, we cannot say conclusively that the video recording played for the jury during the defendant's second trial failed to comply with the court's order. Thus, we must presume that the trial court did not err by permitting the State to play the first 45 minutes of the recording.

The defendant also waived our consideration of this issue by acquiescing to the State's plan to play the first 45 minutes of the video recording, by failing to lodge a contemporaneous objection to the video recording, and by utilizing the video recording in his own case-in-chief. Prior to the second trial, the parties discussed the video recording. After some back and forth about what portion of the video was played at the first trial, the State indicated its intent to play the first 45 minutes of the video:

> [Prosecutor]: We plan to introduce the first 45-minutes, which shows the [d]efendant driving, being stopped, initial contact with the officers, being looked at by EMT. And 45-minutes before Officer Shultz begins to read him the Implied Consent and commence the testing we're stopping before that happens.
> . . . .
> Leaving completely out of the presence of the Jury that anything happen[ed] after 45-minutes.
>
> THE COURT:     Okay.
>
> [Defense Counsel]:  Okay.  Good.

THE COURT: Everybody is good?

[Defense Counsel]: Yes.

The defendant clearly agreed, notwithstanding any previous rulings of the trial court, that the State would be allowed to introduce the first 45 minutes of the video. In consequence, he cannot now be heard to complain that the court erred by allowing the State to do exactly what the defendant agreed that it could do. *See* Tenn. R. App. P. 36(b) ("Nothing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error.").

In addition, the defendant failed to lodge a contemporaneous objection when the video recording was offered into evidence at trial. *See* Tenn. R. Evid. 103(a)(1); *see also State v. Killebrew*, 760 S.W.2d 228, 235 (Tenn. Crim. App. 1988) (waiver applies when the defendant fails to make a contemporaneous objection); *State v. Jenkins*, 733 S.W.2d 528, 532 (Tenn. Crim. App. 1987); *State v. Rhoden*, 739 S.W.2d 6, 11-12, 18 (Tenn. Crim. App. 1987). We note that, not only did the defendant fail to object to the video recording, he utilized it throughout his cross-examination of both officers and referenced it more than once during his closing argument.

With regard to the defendant's claim that the playing of the video amounted to prosecutorial misconduct, we observe that the defendant failed to raise this claim in his motion for new trial and, instead, raises it for the first time on appeal. Consequently, it is waived. *See* Tenn. R. App. P. 3(e) ("[I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in . . . [any] ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived."); *see also State v. Martin*, 940 S.W.2d 567, 569 (Tenn. 1997) (holding that a defendant relinquishes the right to argue on appeal any issues that should have been presented in a motion for new trial but were not raised in the motion); *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived.").

Accordingly, we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE

-4-