IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 7, 2017

**STATE OF TENNESSEE v. CALVIN WATKINS**

**Appeal from the Criminal Court for Shelby County**
**No. 13-03425      Lee V. Coffee, Judge**

_____

**No. W2016-01808-CCA-R3-CD**

_____

The *pro se* defendant, Calvin Watkins, appeals the revocation of his judicial diversion by the Shelby County Criminal Court. The defendant argues the trial court improperly revoked his diversion based upon an unindicted arrest. After our review, we affirm the trial court's revocation pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

J. ROSS DYER, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and NORMA MCGEE OGLE, J., joined.

Calvin Watkins, Munford, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Alanda Dwyer, Assistant District Attorney, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On March 27, 2014, the defendant pled guilty to aggravated assault and theft of property over $500. Tenn. Code Ann. §§ 39-13-102; 39-14-103. The trial court sentenced the defendant to concurrent terms of two and three years' probation for his theft and aggravated assault convictions, respectively. The trial court suspended the defendant's sentence and placed him on judicial diversion. In doing so, the defendant agreed to "obey the [l]aws of the United States or any State" and report "all arrests" to his probation officer. Further, the trial court imposed several special conditions of diversion, requiring the defendant to maintain employment or attend school, submit to random drug screens, and complete 50 hours of community service.

On April 21, 2015, the State filed a petition to terminate the defendant's judicial diversion, citing three violations. First, the State asserted the defendant violated diversion after being arrested on January 7, 2015, for stalking. Second, the defendant violated diversion by failing to report the stalking arrest to his probation officer. Finally, the State claimed the defendant failed to comply with the special conditions of his diversion, thus violating the same. The trial court terminated the defendant's diversion by order on March 10, 2016, and subsequently imposed an effective five-year suspended sentence of supervised probation for his convictions.

On August 23, 2016, the defendant filed a *pro se* notice of appeal alleging the trial court erred in revoking his diversion because the January 7, 2015 arrest was dismissed prior to indictment. In response, the State argues the defendant has waived his appellate arguments as he has failed to provide a complete record for our review. The State further argues revocation was warranted because in addition to the stalking arrest, the defendant also failed to report the arrest to his probation officer and violated the special conditions of his diversion. Upon our review of the record, we agree with the State.

Initially, we agree with the State's assessment of the record before us, it is incomplete.[1] "It is the duty of the appellant to prepare a record that conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues that form the basis of the appeal." *State v. Robinson*, 73 S.W.3d 136, 154 (Tenn. Crim. App. 2001) (citing Tenn. R. App. P. 24(b); *State v. Miller*, 737 S.W.2d 556, 558 (Tenn. Crim. App. 1987); *State v. Rhoden*, 739 S.W.2d 6 (Tenn. Crim. App. 1987)). "Generally, this court is precluded from addressing an issue on appeal when the record fails to include relevant documents." *Id.* (citing Tenn. R. App. P. 24; *State v. Bennett*, 798 S.W.2d 783 (Tenn. Crim. App. 1990)). By failing to include transcripts of the defendant's guilty plea, sentencing, or revocation hearings, the defendant has failed to provide an adequate record for our review. As such, the defendant has waived his arguments on appeal.

However, despite the waiver, the defendant still is not entitled to relief. Judicial diversion is a statutorily prescribed alternative to sentencing available to certain criminal defendants "who have entered a guilty or nolo contendere plea or have been found guilty

_____

[1]Upon motion of the defendant at oral argument on February 7, 2017, this Court granted him forty-five days within which to supplement the record with the transcript of the trial court proceedings in this matter. On March 24, 2017, the defendant filed another motion for extension of time to file the transcripts. This Court granted the defendant's motion on April 17, 2017, allowing him until May 5, 2017 to supplement the record. In the April 17, 2017 order, we noted no further extensions would be granted. The defendant failed to supplement the record by May 5, 2017.

of an offense without the entry of a judgment of guilt." *State v. King*, 432 S.W.3d 316, 323 (Tenn. 2014). A trial court has statutory authority to revoke a suspended sentence upon finding that the defendant violated the conditions of the sentence by a preponderance of the evidence. Tenn. Code Ann. §§ 40-35-310, -311; *see State v. Clyde Turner*, No. M2012-02405-CCA-R3-CD, 2013 WL 5436718, at *2 (Tenn. Crim. App. Sept. 27, 2013). If it is alleged that a defendant on judicial diversion has violated the terms and conditions of diversionary probation, the trial court should follow the same procedures as those used for ordinary probation revocations. *State v. Johnson*, 15 S.W.3d 515, 519 (Tenn. Crim. App. 1999); *Alder v. State*, 108 S.W.3d 263, 266 (Tenn. Crim. App. 2002). To overturn the trial court's revocation, the defendant must show the trial court abused its discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). "In order to find such an abuse, there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id.* (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)).

Here, the record supports the trial court's decision to revoke diversion and impose a five-year sentence of supervised probation. On March 27, 2014, the defendant pled guilty to aggravated assault and theft of property over $500 and began serving an effective three-year suspended sentence on diversion. The terms of the defendant's diversion specifically required him to comply with all state and federal laws, report any new arrests, maintain employment or school, comply with random drug tests, and complete 50 hours of community service. In the State's revocation petition, it asserts the defendant violated three conditions of probation in that he was arrested on January 7, 2015 for stalking, he failed to report the January 7, 2015 arrest to his probation officer, and he failed to comply with the special conditions of probation. As noted above, the fact that the record is incomplete "requires us to presume that had all of the evidence considered by the trial court been included in the record on appeal, it would have supported the imposition of [the trial court's sentence]." *State v. Keen*, 996 S.W.2d 842, 844 (Tenn. Crim. App. 1999) (citing *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991) ("stating that when necessary parts of the record are missing on appeal, this Court must presume that the trial court's decision was correct"); *State v. Caudle*, 388 S.W.3d 273, 279 (Tenn. 2012) (citing *Oody*, 823 S.W.2d at 559) (explaining if this Court determines that the record is sufficient for meaningful review, this Court "may review the merits of the sentencing decision with a presumption that the missing transcript would support the ruling of the trial court"). Absent evidence to the contrary, we presume the trial court acted within its discretion in finding the defendant violated the terms of his diversion and ordering the defendant to serve a suspended sentence of five years of supervised probation. Tenn. Code Ann. § 40-35-310; *Keen*, 996 S.W.2d at 844; *Caudle*, 388 S.W.3d at 279. Accordingly, the defendant is not entitled to relief.

Procedurally, we also note, the defendant's brief contains no argument addressing the trial court's reliance on the State's allegations that he also violated diversion by failing to report the stalking arrest to his probation officer and failing to comply with the special conditions of diversion. As a result, the defendant has waived review of the trial court's revocation based upon these violations. Tenn. R. App. P. 27(a)(7)(A) (requiring an argument to set forth: "the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record . . . relied on"). Further, as noted by the State, the defendant's failure to report his stalking arrest alone is sufficient to justify the trial court's diversion revocation. *See State v. Jeret Tyrone Phillips*, No. E2001-00987-CCA-R3-CD, 2002 WL 256736, at *5 (Tenn. Crim. App. Feb. 22, 2002). Again, the defendant is not entitled to relief.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
J. ROSS DYER, JUDGE